CHITTENDEN,<br>January,<br>1829.<br><br>Brooks<br><i>vs.</i><br>Tyler.

Judgment affirmed.

———∿∿◙∿∿———

NATHANIEL NEWELL *vs.* JOSEPH HURLBURT and NICHOLAS HOLMES, (in Chancery.)

CHITTENDEN<br>January,<br>1829.

One cannot avail himself of a note and mortgage taken to him by another acting as his agent, and, at the same time, reject the terms and conditions on which they were executed.

N having become security for H for a separate debt due from him, and also for H and W for other debts jointly due from both of them, H executed a note and mortgage to N to secure him against his liability for the whole of the separate debt due from H, and for H's rateable proportion of the debts jointly due from H and W; and it was at the same time agreed that when H had paid the whole of the first mentioned debt and a moiety of each of the others, the note and mortgage were to be cancelled. H having paid the amount thus stipulated by him to be paid on the several debts, it was held that N could not avail himself of the note and mortgage as a security against the remainder; and a bill afterward brought by N to foreclose the equity of redemption of the mortgaged premises was dismissed with cost.

If a surety take a mortgage from one of two joint debtors as security for the payment of a rateable proportion of the debt, the mortgage is satisfied when ever such proportion is paid.

This bill was brought to foreclose the equity of redemption upon a mortgage, executed by *Hurlburt* on the 15th day of October, 1821, to the plaintiff, conditioned for the payment of a note, bearing date the same day, for the sum of $600. After the execution of the mortgage and before the filing of the bill, *Hurlburt*, for a valuable consideration, conveyed the mortgaged premises to *Holmes*. Both defendants, in their answers, admitted the execution of the note and mortgage, but denied that there was any

thing due in equity upon them.  The answer of *Hurlburt* stated that on the 31st day of August, 1821, he was indebted to the estate of *Ziba Pierson*, deceased, in the sum of $108 70, and [that he and one *Lyman Worster* were jointly indebted, in equal proportions, to *Henry H. Ross* in the sum of $260, and to *John D. Dickinson* in the sum of $115 ; that the plaintiff, on the day last aforesaid, became surety for *Hurlburt* for the debt due from him to the estate of *Pierson*, and also for *Hurlburt* and *Worster* for the two debts jointly due from them to *Ross* and *Dickinson* ; that the note and mortgage were executed and delivered to the plaintiff to secure and indemnify him against his liability for the whole of the separate debt due from *Hurlburt* to the estate of *Pierson*, and for *Hurlburt's* rateable proportion of the two debts jointly due from him and *Worster* to *Ross* and *Dickinson*, and upon the express agreement and condition, that if *Hurlburt* paid the whole of the debt due to the estate of *Pierson*, and one half of each of the debts due to *Ross* and *Dickinson*, the plaintiff would discharge and cancel the note and mortgage ; and that *Hurlburt* had paid the whole amount of the first mentioned debt, and one half of each of the other two debts, long before the filing of the plaintiff's bill, in full satisfaction of the note and mortgage.

After argument, the opinion of the Court was delivered by

PRENTISS, Chancellor.—The answer of *Hurlburt*, as to every material fact stated in it, is very fully supported by the proofs in the case.  The written memorandum, and the note and mortgage, were all executed at the same time ; and from the memorandum, as well as from the testimony, it clearly appears, that the note and mortgage were executed and delivered to secure the payment of, and to indemnify the plaintiff against, the entire debt due to the estate of *Pierson*, and one half only of the debt due to *Ross* and *Dickinson* ; and that on the payment, by *Hurlburt*, of the whole amount of the first mentioned debt, and one moiety of each of the other two debts, the note and mortgage were to be cancelled.  It also appears, beyond any possible question, that the amount, thus stipulated to be paid on the several debts, has been fully paid by *Hurlburt*.  But it is insisted, that the agent who took the note and mortgage, and executed the written agreement, in behalf of the plaintiff, had no authority to make the agreement and take the securities on the terms and conditions stated, and, consequently, that the agreement is not binding upon the plaintiff.  But it is very clear, we think, that the plaintiff cannot avail himself of the note and mortgage, and at the same time reject the terms and conditions on which they were executed and delivered.  If the

agent exceeded his authority, his acts would not be binding upon the plaintiff, and the plaintiff might have repudiated the transaction entirely; but he cannot adopt one part of it, and reject another part. *Hurlburt* had a right to say that he would execute the note and mortgage only upon the terms and conditions stated in the agreement; and as they together formed one entire transaction, the plaintiff, if he accepts the note and mortgage, must adopt the agreement which was connected with them.

CHITTENDEN
*January,*
1829.

Newell
*vs.*
Hurlburt et al.

It is further insisted, that as the whole amount of the debts due to *Ross* and *Dickinson* has not been paid, the plaintiff, notwithstanding the agreement, is entitled, in equity, to hold the mortgage as security for the remaining sum due upon these debts. Although these debts were the joint debts of *Hurlburt* and *Worster*, and each was holden to the creditors for the whole amount, yet, as between themselves, they ought each to pay an equal moiety. The plaintiff, as the testimony fully shews, took a bill of sale from *Worster* as security for the payment of his part of the debts, and then took the note and mortgage in question to secure the payment of *Hurlburt's* proportion, and agreed to hold them as security for his proportion only. The note was taken for a sum much greater than the amount of all the debts referred to in the agreement, probably, because the exact amount of the debts was not known, and it was meant to make the note large enough, at all events, to cover what was intended to be secured by it. But the sum expressed in the note cannot be material, so long as the agreement states the extent of *Hurlburt's* liability upon it, and expressly confines that liability to the amount of the separate debt due from him to the estate of *Pierson*, and his rateable proportion of the other two debts. In the case of *Briggs* vs. *Law*, 4 *John. Ch. Rep.* 22, an *agreement*, on the part of the creditor, to collect the money *rateably* of the several parties to a note, on their giving a bond and judgment for the amount, was enforced, by enjoining all further proceedings on the judgment against the plaintiff, on his paying his rateable proportion. If a creditor or a surety take a mortgage from one of two joint debtors, as security for the payment of a rateable proportion of the debt, he ought not to be allowed to extend the security beyond the purpose intended by it. Even on a bill to redeem, it is now settled, though the rule was formerly otherwise, that a mortgage cannot be treated as security for any other debt than that expressed to be secured by it, either as against creditors, the mortgagor himself, or his assignee for a valuable consideration. As the note, to secure the payment of which the mortgage in question was given, was taken as security for *Hurlburt's* rateable proportion only of the debts

CHITTENDEN
January,
1829.

Newell
*vs.*
Hurlburt et al.
due to *Ross* and *Dickinson*, when that proportion was paid, together with the debt due to the estate of *Pierson*, the mortgage was satisfied. Whether the plaintiff, if he has paid the other moiety of those debts, may not have his remedy against *Hurlburt* and *Worster* jointly, is a question not at all material in this case. The inquiry here is, what is due from *Hurlburt*, separately, upon the mortgage ; and it clearly appearing that he has paid the whole amount of the debts due to the estate of *Pierson*, and one half of each of the debts due to *Ross* and *Dickinson*, there is nothing due upon the mortgage, and, consequently, the plaintiff's bill must be dismissed with costs.

Bill dismissed with costs.

*Allen* and *Thompson*, for plaintiff.

*Van Ness* and *Adams*, for defendant.