*T. F. Davidson*, for appellant.

*J. M. Butler*, for appellee.

———————— • ————————

### RARDIN v. WALPOLE.

MORTGAGE.—*Subrogation.—Redemption.— Voluntary Payment.*—A. mortgaged certain land to the State, and subsequently sold a part of the land to B., who assumed the mortgage. A. sold another portion to C., who subsequently sold to D. with warranty, and D. applied the last payment due for purchase-money to discharge the mortgage, which B. had failed to discharge, B. having conveyed the land to E., who had notice of the facts.

*Held*, that C. was entitled to enforce the payment of the lien against the land of E., who, at the commencement of suit therefor, was indebted to B. for purchase-money, in a sum greater than that paid by D. to the State on the mortgage; C. having, in effect, redeemed the land and become subrogated to the right of D., who had been substituted in the place of the State.

*Held*, also, that the payment by D. in discharge of the mortgage was not a voluntary payment.

JUDGMENT.—*Motion to Modify.*—A personal judgment having been rendered against B., it was held that, as no motion was made to modify the judgment, no question could be raised thereon in the Supreme Court.

APPEAL from the Hancock Circuit Court.

BUSKIRK, J.—This was an action by the appellee against the appellant and several others to enforce an equitable lien against certain real estate.

Omitting the historical account contained in the complaint, of the previous transactions, the following is a summary statement of the relations of the parties, and the main facts existing at the commencement of the action. A town lot was encumbered by a mortgage to the State for the use of the university fund, in the sum of one hundred dollars, and had been subsequently sold in two parcels. The one was owned by the appellant, Rardin, who had assumed the payment of the mortgage as a part of the consideration of his purchase; the other was owned by James M. Morgan, who

had purchased and received a warranty deed from the appellee, Mrs. Walpole, and had executed to her his notes for a portion of the purchase-money.

In January, 1868, Rardin failing to pay the mortgage, although it had been due many years, and Morgan's last payment being due to Mrs. Walpole, he paid to the State of Indiana the mortgage debt, the principal being one hundred dollars, and the interest one dollar and twenty cents, and claimed and received it as a payment of an equal amount of his indebtedness to Mrs. Walpole.

A short time before the commencement of the action, Rardin sold and conveyed his parcel of said lot to John Sweitzer, who had notice of the mortgage and of the payment thereof by Morgan, of the agreement of Rardin to pay off the mortgage, and of the fact that Morgan had received a credit on his indebtedness to Mrs. Walpole for the balance due on the purchase-money, and who, at the commencement of the action, was indebted to Rardin for unpaid purchase-money in a sum greater than that paid by Morgan to the State on said mortgage.

All the parties derived title through and from the original mortgagor by successive conveyances.

This action was brought by Mrs. Walpole to recover the amount thus paid by her on the mortgage, making Rardin, Morgan, and Sweitzer parties.

Morgan and Sweitzer were defaulted. Rardin appeared and demurred to the complaint. The demurrer was overruled, and he excepted.

Rardin then answered in three paragraphs, to the second and third of which a demurrer was sustained, and an exception was taken; and Rardin refusing to amend, and having withdrawn the general denial, judgment was rendered against Rardin, and a decree for the sale of that portion of the lot which he had conveyed to Sweitzer.

Rardin alone appeals, and assigns for error the overruling of the demurrer to the complaint, the sustaining of it to

the answer, and the rendering of a personal judgment against him.

Did the court err in overruling the demurrer to the complaint? It is urged that the complaint was defective and insufficient, because Mrs. Walpole never owned the equity of redemption of the middle division of the lot, and had no interest in either portion of the lot when the action was brought, and because, the only remedy the State had being *in rem*, that terminated when Rardin conveyed to Sweitzer in January, 1870.

It is shown by the complaint that Mrs. Walpole had owned the western division by title derived from the original mortgagor, had conveyed by deed of warranty to Morgan, and held a lien upon it for a portion of the purchase-money, on which the original mortgage was a prior lien. She was a junior incumbrancer, by virtue of her vendor's lien, and, therefore, had the right of redemption at the time Morgan made the payment and procured the credit against her. There can be no doubt that the appellee had the right to pay off the mortgage, and thus remove a lien upon the property, and thus protect her covenants of title. The mortgage being a lien upon the property owned by Morgan, and constituting a cloud upon his title, he had the right to pay off the mortgage, and set off the same on his indebtedness for the purchase-money. He having relieved the incumbrance, and required the appellee to *repay* the sum to him, she, in fact, redeemed the property, and thereby became subrogated to the rights of Morgan, who had been substituted in the place of the State of Indiana.

The doctrine of subrogation or substitution extends to and embraces the personal agreement of Rardin to pay off the mortgage. See 2 Washb. Real Prop. 83, 86, 163, 193, 200; 2 Story Eq. secs. 1023, 1232; *Thompson* v. *Thompson*, 4 Ohio St. 333; *Russell* v. *Pistor*, 3 Selden, 171; *Thompson* v. *Bertram*, 14 Iowa, 476; *Loomis* v. *Stuyvesant*, 10 Paige, 490; *La Farge* v. *Herter*, 11 Barb. 159; *Cheesebrough* v. *Millard*, 1 Johns. Ch. 409; *Amory* v. *Reilly*, 9 Ind. 490; *Lamb* v.

Rardin *v.* Walpole.

*Donovan,* 19 Ind. 40; *Cross* v. *Truesdale,* 28 Ind. 44; 1 Hilliard Real Prop. 613, 645, 656; *2 id.* 307, 327; *Averill* v. *Taylor,* 4 Seld. 44; *Johnson* v. *Zink,* 52 Barb. 396; *Pardee* v. *Van Anken,* 3 Barb. 534; *Forbes* v. *Moffatt,* 18 Vesey, 384; *McCormick* v. *Irwin,* 35 Pa. St. 111; *Mosier's Appeal,* 56 Pa. St. 76; Dixon Subr. 73.

It is alleged in the complaint, and admitted by the demurrer, that Sweitzer purchased with notice, and still was indebted to Rardin; but he made no defence, and Rardin cannot make one for him.

We are clearly of the opinion that the complaint was good, and that the demurrer was correctly overruled.

We are next to inquire whether the court erred in sustaining the demurrer to the second and third paragraphs of the answer. These paragraphs were, in substance, the same. The only difference being that in the third paragraph the facts are stated with greater particularity, but the legal effect is the same. In these paragraphs the appellant admits that James Etter owned the lot in controversy in 1836; that he mortgaged the same to the State; that subsequently he sold the lots in two parcels; that he became the owner of one parcel, and as a part of the price and consideration he agreed to pay off the mortgage; that the appellee became the owner of the other parcel; that she conveyed by warranty deed to Morgan; that Morgan paid off the mortgage to the State, and deducted the amount from his indebtedness to the appellee, but it is expressly averred that when he made the purchase, and agreed to pay off such mortgage, it was agreed between him and his vendor that he was not to pay such mortgage until the State required the payment; that the State never required the payment; that he had paid the interest thereon; that Morgan paid and satisfied said mortgage without the knowledge or consent of this defendant, and against his express wish, and over his objection; and that such payment was a voluntary payment.

The counsel for the appellant attempted to sustain the answer on the ground that the payment made by Morgan

was a voluntary payment, and that no right of action was created by such payment.

It is well settled that the doctrine applicable to voluntary payments has no application where the payment is made to redeem one's land from a mortgage or incumbrance. 2 Washb. Real Prop. 196, sec. 9; *Newell* v. *Hurlburt*, 2 Vt. 351; *Platt* v. *Squire*, 5 Cush. 551; *Snowden* v. *Dunlavey*, 11 Pa. St. 522.

We are of opinion that no error was committed by the court in sustaining the demurrer to the answer. It is insisted by the appellant that the court erred in rendering a personal judgment against him; but no motion was made in the court below to set aside or modify the judgment, and it is well settled that in such a condition of the record no question can be considered in this court. *Buell* v. *Sherman*, 28 Ind. 464; *Smith* v. *Dodds*, 35 Ind. 452.

The judgment is affirmed, with costs.

*S. C. Chamberlin*, *B. F. Love*, and *B. F. Davis*, for appellant.

*W. March* and *H. J. Dunbar*, for appellee.