LEWIS I. NASON *v.* ADDISON COUNTY TRUST COMPANY.

Special Term at Rutland, November, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 6, 1932.

184

*Wayne C. Bosworth* for the defendant.

*Bert H. Stickney* for the plaintiff.

THOMPSON, J. This is an action of contract. There was a trial by court, and a finding of facts was made. There was a judgment for the plaintiff. The defendant excepted.

While there is no express finding as to several material facts, it appears from the facts found, and which can fairly be inferred from them, that the plaintiff who was a legatee in the estate of Clinton H. Nason employed Wilbur Eno, an attorney, to represent him in the settlement of the estate. The executor delivered to Eno a cashier's check payable to the order of the plaintiff for $333.31, which was the amount of the plaintiff's share of the estate. Eno, without the authority or knowledge of the plaintiff, wrote the plaintiff's name on the back of the check and received the full amount of the same in money.

It does not appear from the record, nor can it fairly be inferred from the facts found, that it was the defendant that cashed the check. The defendant, however, has briefed certain exceptions involving the merits of the case upon the assumption that it was the defendant that cashed the check for Eno, and we assume that fact in our consideration of these exceptions.

On February 26, 1931, Eno sent his certified check for $226.15 to the plaintiff. On the face of the check was written: "Distributive share of Nason Estate in full." The following

letter from Eno to the plaintiff accompanied the check: "Kindly find enclosed my certified check in the amount of Two hundred twenty-six dollars and fifteen cents, $226.15, your distributive share of the Nason Estate, less attorney fees and expenses." The plaintiff received the check and letter. On March 4, 1931, the plaintiff wrote to Eno, in part, as follows: "I would like an itemized account of your fees and expenses as mine were more than the others. An agreement with one should have been enough for all. I would like an early answer as I feel your fees were too much for the amount of time and such a small estate."

It does not appear that Eno answered this letter. Sometime later the plaintiff indorsed and cashed Eno's check. At that time he knew that his distributive share of the Nason Estate was approximately $333 and that Eno had deducted for services and expenses approximately $107.

This suit was brought to recover from the defendant $107.16, it being the amount that Eno retained for services and expenses from the proceeds of the check he cashed. The defendant pleaded an accord and satisfaction between the plaintiff and Eno, and that the plaintiff ratified Eno's act in writing the plaintiff's name on the back of the check he received from the executor and cashing it.

The defendant concedes that although there is no privity between it and the plaintiff in the subject-matter of this suit, the suit may be maintained provided defendant does not show authority in Eno to indorse and cash the original check, a ratification of his act in so doing, or an accord and satisfaction. This concession is in line with the great weight of authority that a corporation or individual, who has obtained possession of a check upon an unauthorized or forged indorsement of the payee's signature, and who collects the amount of the check from the drawee, is liable for the proceeds thereof to the payee or other owner, notwithstanding they have been paid to the person from whom the check was obtained. *Allen* v. *Mendelsohn & Son*, 207 Ala. 527, 93 So. 416, 31 A. L. R. 1063; *Merchants' Bank, etc.* v. *National Capitol Press*, 53 App. D. C. 59, 288 Fed. 265, 31 A. L. R. 1066, and note; *California Stucco Co.* v. *Marine National Bank*, 148 Wash. 341, 268 Pac. 891, 67 A. L. R. 1531, and note.

Paragraph 11 of the findings is as follows: ''We find there was not an accord and satisfaction as between Eno and Plaintiff, and we cannot therefore, find that the Plaintiff ratified Eno's act in indorsing the Cashier's check.''

The defendant excepted to the finding that there was not an accord and satisfaction as between Eno and the plaintiff on the ground that it is a conclusion of law from the facts found and is erroneous. We do not consider this exception as it is immaterial, in our view of the case, whether or not there was an accord and satisfaction. The vital question is whether the plaintiff ratified Eno's act in indorsing his signature on the cashier's check and cashing it.

The defendant also excepted to the portion of the finding which reads ''and we cannot therefore find that the Plaintiff ratified Eno's act in indorsing the Cashier's check.'' The substance of the exception is that, since the facts are found, the question of the plaintiff's ratification of Eno's act is one of law and not of fact, and the court erred in not holding as matter of law that upon the facts found the plaintiff did ratify Eno's act. Since the facts are unquestioned, whether such facts operate a ratification is a question of law. *National Bank of Orleans* v. *Fassett*, 42 Vt. 432, 438.

In the case last cited, Judge Barrett states the law of ratification applicable to this case as follows: ''We understand that it has become elementary in the law, that when a party, knowing all the facts appertaining to an act done by another in his name without previous authority, avails himself of the beneficial results of that act and asserts rights in himself resulting from it, he thereby ratifies such act, and makes it as effectually his own as if he had done it himself, or it had been done in pursuance of full authority conferred for that purpose on the party doing it. * * * Involved in this doctrine, and constituting one of the moral elements of which the law takes cognizance in giving it practical effect, is the obvious duty of the party, whose name has been thus used and credit pledged, to disavow the act as soon as he shall have been informed of it, and to restore to the other party anything which may have come to him of value and benefit from such other party, by reason of such unauthorized act, as far as practicable under the circumstances of the case.''

It is conceded by the defendant that Eno was the agent of the plaintiff in the settlement of the estate of Clinton H. Nason, but he had no authority to indorse the plaintiff's signature on the cashier's check and cash it.

█ It will be noticed that in the rule stated by Judge Barrett one element of a ratification of an unauthorized act of an agent is that the principal must have knowledge of the material facts at the time. Another element is that if the principal has received anything of value by reason of the unauthorized act, he must restore it to the other party to avoid a ratification. The reason for the latter rule is that, if a principal elects to ratify any portion of an unauthorized transaction, he thereby ratifies the whole of it. He cannot avail himself of such unauthorized acts as are beneficial to him and repudiate such as are detrimental, whether the ratification be expressed or implied. 21 R. C. L. 923; *Newell* v. *Hurlburt*, 2 Vt. 351; *McClure* v. *Briggs*, 58 Vt. 82, 86, 2 Atl. 583, 56 A. R. 557. There is no express finding that the plaintiff learned that Eno had indorsed his signature on the cashier's check before this suit was brought, nor that when suit was brought the plaintiff retained the proceeds of Eno's personal check with knowledge of Eno's unauthorized act.

The plaintiff alleges in his declaration that the cashier's check for $333.31 was payable to his order, "which said check the said Addison County Trust Company did then and there without authority from the said Louis I. Nason cash and deliver the funds to another, wholly without the authority of the said Louis I. Nason, all of which is to the damage of the said Louis I. Nason, as he says the sum of two hundred dollars." It is stated in the findings that at the trial below the plaintiff claimed to recover the sum of $107.16, the difference between the cashier's check and Eno's personal check to the plaintiff.

█ The only inference that can be drawn from the allegations in the plaintiff's declaration and the finding referred to is that the plaintiff had full knowledge of Eno's unauthorized act before suit was brought, and that he retained the proceeds of Eno's check after he learned of such act and when he brought this suit. Such retention of the proceeds of Eno's check by the plaintiff with full knowledge of the material facts was as matter of law a full ratification of Eno's act; and this action cannot be maintained. *McClure* v. *Briggs, supra.*

■ It came to our attention during the argument of this case that in the past some attorneys have acted upon the assumption that the general employment of an attorney in a particular matter authorizes him to indorse his client's signature on checks made payable to the order of the client which are received by him in the course of his client's business, and to cash the same. This assumption is not warranted. While an attorney, who has done his client's business with fidelity, may hold any of his client's money or papers that come into his hands in the course of that business as security for his fees (*Davis* v. *Farwell*, 80 Vt. 166, 67 Atl. 129), his general employment does not authorize him to indorse his client's signature on checks which are so received; that is an act which requires special authorization. We speak of this because, while such act may be attributed to a mistaken assumption of authority, and not to an evil intent, it is such unauthorized acts that not only discredit the individual attorney but reflect upon the profession. An attorney should at all times exercise the greatest care to keep within the limits of his authority.

*Judgment reversed, and judgment for the defendant to recover its costs.*