CHANCERY.                    **Beckwith** *vs* **Kouns, &c.**

*Case* 42.                    ERROR TO THE CARTER CIRCUIT.

*Vendor and vendee.    Specific performance.*

Oct 17.          CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is a bill in chancery instituted by Beckwith, to

The case stated. rescind an executory contract for land, made with Jacob Kouns. Kouns and the assignee of the notes for the consideration, resist the rescission and ask an enforcement of the contract.

There is no plausible foundation for the decree in this

A vendor cannot enforce specific performance of an executory contract for land without showing a good title.
case. No derivation of title from the Commonwealth, is shown, nor has possession for a sufficient length of time, been proven, to create the presumption of title. A vendor cannot enforce specifically, a contract of sale, upon an executory contract, without showing a good title, and the title in this case is required to be exhibited, and if good title is not shown upon the hearing in the general, the Chancellor will rescind the contract. Again; the notes for the purchase money were to be void in case the vendor, Kouns, had conveyed or mortgaged the land to any other, and it appears that before he sold the land to Beckwith, he had caused McKeane to convey the same land to his brother, John C. Kouns. And it appears further, that there is an admission in the contract of purchase, that the bond upon McKeane had been assigned to Jouitt, and a covenant in the contract of sale to Beckwith, to procure Jouitt to release the assignment to him.

No such release has been procured. It is true John C.

A party seeking a rescission for defect of title in
Kouns comes forward and interpleads, resisting the payment of the money to the assignee of Beckwith's notes

to Jacob Kouns, but offers to make a title upon the terms that Beckwith and his sureties will pay him the consideration which they were to pay to J. Kouns, and has tendered a deed for the land upon those terms, which warrants against himself and any one claiming under McKeane or Jacob Kouns only.  Beckwith and his sureties were not bound to submit to the new contract and terms offered, nor had the Court the right to force them to submit to it.  Besides, it appears from the evidence of McKeane, that he has lost the furnace which was given in exchange for the land in part, and claims a lien upon the land for his indemnity.  Besides, the deed from McKeane and wife to J. C. Kouns, has not been acknowledged in such form as to release the dower of the wife. There are too many clouds hanging over the title to authorize an enforcement of the contract.  Again; there is error in decreeing the principal and one surety to pay to J. C. Kouns, without decreeing all the promisors to pay, if any decree could have been rendered against any of them.

The decree is reversed and cause remanded, that the contract between Jacob Kouns and Beckwith may be cancelled and annulled, and the injunction perpetuated against the judgment at law, and Beckwith and his sureties released and discharged from the payment of the other note which is alledged to be lost, and the defendants be decreed to pay costs.  And the plaintiff in error is entitled to his costs in this Court.

*Woolley and Apperson* for plaintiff: *Morehead & Reed* for defendants.

BECKWITH
*vs*
KOUNS, &c.

the vendor, is not bound to submit to terms other than the terms of the original contract.