## WILLIAM HAMILTON *v.* THOMAS S. SMITH, ET AL.

**Rescission of Contract.**

> When one purchased real estate verbally and his vendor refused to comply with its terms by an offer to convey, there should be judgment rescinding the contract.

### APPEAL FROM MERCER CIRCUIT COURT.

October 19, 1877.

OPINION BY JUDGE ELLIOTT:

The note which appellant held as purchaser from Smith against appellee, Crossfield, was executed in part consideration for a tract of land purchased by Crossfield on the day of its execution by Smith. The sale by Smith of the land to Crossfield was verbal, and these facts were set up by Crossfield in the court below, and Smith was asked to exhibit his title if he had any, and if not, or if he refused to convey, a rescission was asked and that Crossfield have a lien on the land for the money paid by him.

Smith failed to exhibit any title or tender any deed to Crossfield, and on hearing the court rescinded the contract and adjudged a lien in Crossfield's favor for the amount paid on the verbal contract of purchase, but as the land had been levied on and sold under several executions which issued against Smith and Crossfield, and bought

in by appellant, it was adjudged that appellant should be paid out of the money due from Smith to Crossfield the amount of his bids at the execution sales, with interest, and this judgment appellant insists is erroneous.

As Crossfield's purchase was a verbal one, and his vendor refused to comply with its term by an offer to convey, we do not see how the court below could have done otherwise than adjudge that the contract should be rescinded. If, however, Crossfield had induced appellant to purchase the note on which this suit was brought he would not be heard to say that he should not pay it, but appellant could not enforce a lien against the land brought by Crossfield unless Crossfield's contract of purchase could be enforced.

But we are of opinion that appellant was not induced to purchase the note by Crossfield, for he himself swears that he had contracted for the note in dispute before he talked withh Crossfield about it. As the contract between Smith and Crossfield did not bind Smith to convey the land sold to Crossfield, and as Smith refused to convey, the court properly rescinded the contract.

Wherefore the judgment is *affirmed*.

*C. A. & P. W. Hardin, for appellant.*

*Thompson & Thompson, for appellees.*