CASE 20—ACTION ON NOTE—JANUARY 6.

# Bramblett v. Caldwell.

APPEAL FROM NICHOLAS CIRCUIT COURT.

COMMERCIAL PAPER—RIGHT OF ASSIGNEE TO FILL ASSIGN-
MENT.—The assignee of a promissory note executed by the obligor, payable to himself or order and by him endorsed in blank, has the right to fill up the assignment at any time before or after the maturity of the note.

NORVELL & ROBINSON, FOR THE APPELLANT.

The assignee Caldwell even if the assignment of the note to him be conceded, had no right to fill up the blank assignment after the maturity of the note. Genl. Stat., Sec. 13, chap. 22; Allin, Exr., &c. v. Shadburn's Heirs, 1 Dana, 68; Morrison v. Stockwell's Admr., 9 Dana, 172; Muhling v. Sattler, &c., 3 Met., 285; Pace v. Welmending, &c., 12 Bush, 141.

HANSON KENNEDY, FOR APPELLEE.

This action is on a promissory note, payable to the maker's order and endorsed by him, and delivered to the Deposit Bank of Carlisle, Kentucky, and the blank above the name on the back of said note filled up with words of promise and assigned by said bank to the appellee. The appellee had the right to fill

the blank assignment at any time either before or after the maturity of the note. Ky. Stat., Sec. 490; Pace v. Welmending, 12 Bush, 141.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

This action was brought by appellee against appellant on the following writing: "$150. Carlisle, Ky., June 1, 1893. Nine months after date, we promise to pay W. L. Bramblett or order, one hundred and fifty dollars, for value received. Negotiable and payable at the Deposit Bank of Carlisle, Ky., with interest at the rate of eight per cent," etc. "[Signed.] Charles Robinson. W. L. Bramblett." On the back of the note, when the suit was brought, appeared this indorsement: "I promise to pay within note to the Deposit Bank of Carlisle, Ky., W. L. Bramblett." And following this appeared this further indorsement: "Pay to R. F. Caldwell or order. [Signed] The Deposit Bank of Carlisle, Ky. Without recourse. By W. P. Ross, President." It appears conclusively that Bramblett discounted this note with the Deposit Bank, and got credit for the proceeds, to-wit., $141. The cashier, since deceased, then appears to have placed the note among the papers of Caldwell, for whom he was agent; and at the same time he charged to Caldwell the sum at which the Bramblett-Robinson note was bought, to-wit., $141. If Bramblett's recollection of the transaction is correct, the cashier then must have forgotten the transfer to Caldwell, and advised Bramblett that the note could not be found, and had not in fact been discounted at the bank. He, therefore, advised Bramblett to go on and collect the note from Robinson, who owed it, as the bank had no claim on it. And this Bramblett did. Caldwell finding the note among his papers after the death of his agent, and discovering that he had in fact bought it from the bank, by being

charged with its purchase price, had the words of promise entered on it by the bank above the indorsement of Bramblett's name thereon, and also obtained the written indorsement and transfer from the bank, as appears on the back of the note. He then brought the suit. The defendant, believing he had not in fact discounted the note at the bank, and had not, therefore, obtained credit for its proceeds, sought to escape liability by attempting to show these facts. In this he signally failed, as we understand the proof. The deposit slips conclusively show, as we have already said, that Bramblett did discount the note, and obtained credit by its proceeds. It would seem that this ought to have ended his defense. He had received the proceeds of the note at one time from the bank, and later on he had collected the note from Robinson. His counsel, however, insist that, unless the words of promise over the name of Bramblett were placed there before the sale and delivery of the note to Caldwell, the paper was not assignable, under the statute. We do not understand the statute to so require. It reads as follows: "That whenever a promissory note is made by the obligor payable to himself or to his order, and is signed on the back thereof by the said obligor, and then delivered, such signature and delivery shall operate as a promise to pay the face of the note at maturity to the party to whom the same shall have been delivered, and such party may fill up the blank with words of promise, and recover thereon in the same manner as if such party had been named as payee in the note; and such note shall be assignable as other promissory notes." Gen. Stat., chap. 22, sec. 13. The sale and transfer of the note to Caldwell by the bank certainly made him the owner of it. It then had Bramblett's name written on its back, which made it the promise of Bramblett to pay

to the bank the face of the note at its maturity.   When it became the property of Caldwell, the bank had the right then, or afterwards, to fill up the blank with words of promise.   Such words were merely declaratory of the legal import of the signature of Bramblett; and it does not concern Bramblett when the blank was filled with the words which, under the statute, made the paper technically assignable.   It would at last be a mere question of whether Caldwell might sue in his own name, and without making the bank a party, and this question is not raised by special demurrer or by plea.

As a matter of fact, Bramblett having collected a note from the principal payor, Robinson, which belonged to Caldwell, the action against Bramblett might have been for money had and received, without reference to the writing.   And, while the original petition was not in such form, the issues, by subsequent pleadings, were substantially presented in that form.   In view of these views, the questions attempted to be raised as to certain testimony become unimportant.   Judgment resulted for the appellee for the amount of the note and interest, and the same is affirmed.