CASE 48—ACTION BY CHARLES ROSENHEIM & CO. AGAINST H. L. MEYER TO RECOVER THE AMOUNT COLLECTED BY MEYER, BY FORGED ENDORSEMENTS ON PLAINTIFF'S CHECKS.—APRIL 30.

## Meyer v. Chas. Rosenheim & Co.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. AFFIRMED.

CHECKS—FORGED INDORSEMENT—LIABILITY OF INDORSEE.

Held:   1. Defendant cashed some checks belonging to plaintiffs for plaintiffs' agent, who had indorsed plaintiffs' name thereon without authority, and thereafter defendant collected the amount of the checks from the banks on which they were drawn. HELD, that defendant was liable to plaintiffs for the proceeds of the checks, though he had acted in good faith and without knowledge of the agent's forgery.

JOHN K. HENDRICK, ATTORNEY FOR APPELLANT.

1. We contend that the petition in this case is not good. It does not allege that plaintiffs lost any money by any act of Meyer because of having cashed the checks. Plaintiffs do not intimate that the persons who drew the checks have been released from their debts to appellees, nor do they allege that their bank did not account to them for all money which they had deposited to their credit; nor do they allege that they had made known to the appellant or the bank that the endorsement of their names was not genuine or was not authorized by them, or that the same was a forgery.

2. There was no privity of contract between the appellant and the appellees.

3. It is no where alleged in the petition that the plaintiffs ever lost a solitary dollar by reason of their names being forged as endorsers on any one of the checks.

It is well settled that when money or checks are deposited in a bank, the relation of debtor and creditor is thereby established. Taylor v. Taylor, 78 Ky., 470, Armstrong v. Nat. Bank, 90 Ky., 431; Nat. Bank v. Hubbell, 15 Am., Rep., 285; Richmond Nat. Bank v. Davis, 41 Am. St. Rep., 795.

It is also well settled that if a bank pays a check on a forged endorsement, it is entitled to recover the money so paid from the person receiving it, after making demand of him *within a reasonable time.* Peoples' Bank v. Franklin, Bank, 17 Am. Rep., 892; First Nat. Bank v. Northwest Nat. Bank, 43 Am. Stat. Rep., 247.

It has always been my understanding of the law that in order to hold such an endorser liable, it was necessary to act promptly in giving notice of protest, or forgery in the event of forgery, and as soon as practicable, after non-payment or the discovery of the forger. U. S. v. Nat. Ex. Bank, 45 Fed. Rep., 163; St. L. Third Nat. Bank v. Allen, 59 Mo., 310; Canal Bank v. Albany Bank, 1 Hill, N. Y., 287; U. S. Bank v. Georgia Bank, 10 Wheat., U. S., 333; Bank of Commerce v. Union Bank, 3 N. Y., 230; Espy v. Cin. Bank, 18 Wall., U. S., 604.

Failure to sue on a dishonored note at the first term of the court after the note fell due is fatal. Am. Nat. Bank v. Smallhouse, 23 R., 2382; Stafford v. Bruce, 12 R., 374; Reeves v. Brown, 81 Ky., 636; Triplett v. Hunt, 3 Dana, 127; Smith v. Roach, 7 B. M., 17; McLean v. Fitch, 4 B. M., 600; Noble v. Bank of Ky., 3 Mar., 264; Mitcherson v. Grays, 4 B. M., 402; Ronvant v. San Antonio Nat. Bank 69 Tex., 610.

This suit was filed March 13, 1899. The first check cashed by appellant was dated April 11, 1896. It was therefore two years

Meyer v. Chas. Rosenheim & Co.

and eleven months from the time the first check was cashed by the appellant until this suit was brought, and one year and eleven months from the time the last one was cashed.

KOHN, BAIRD & SPINDLE, FOR APPELLEES.

The plaintiffs were wholesale merchants in Louisville, doing an extensive business, and many of their bills were paid by checks through the mails. Their bookkeeper, Altman, turned thief, and without their authority or knowledge got hold of their mail and abstracted checks therefrom, forged the firm's endorsement thereon and collected the money and appropriated it to his own use. In this way appellant, Meyer, who was in the jewelry business in Louisille got in some way the proceeds of a number of these forged checks aggregating $227.93.

In answer to appellees' petition, appellant (the defendant below) pleaded several defenses, his main defense being, that he became the owner of the checks in good faith and without fraudulent intent on his part, and was a purchaser for a valuable consideration without any notice of fraud upon the part of Altman or any forgery or want of authority in Altman to endorse the checks.

So, under this plea the question is:

Can the payee of a check maintain an action against a *bona fide* purchaser thereof through a forged endorsement, for the proceeds thereof?

That such an action can be maintained is well established both upon principle and authority.

Conceding, that whatever authority the appellant had to receive the proceeds of the check was derived by virtue of the forged endorsement of the name of the appellees as payee, it is a fundamental principle of law that a forgery gives no authority and protects nothing that is done by virtue of it. Therefore:

Appellant's reception of the proceeds being without authority, was a conversion, and in law he held the money thus received, to the use and benefit of the lawful owner.

### AUTHORITIES CITED.

Shepherd & Morris Lumber Co. v. Eldridge, 51 N. E., 9; Farmer v. People's Bank, 47 S. W., 234; Randolph on Commercial Paper, vol. 3, secs. 1469, 1739, 1777; Morse on Banks and Banking, (3d ed.), sec. 248; Bramblet v. Caldwell, 20 Rep., 1123; Ford v. Wells. 43 N. E. R., 155.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellees are wholesale merchants in Louisville. They had in their employ a bookkeeper named Altman, who forged their name on the back of checks belonging to them,

and then delivered the checks to appellant, who paid him the money on them or sold him jewelry therefor. 'Appellant then collected the checks from the banks on whom they were drawn. Appellees, on discovering the forgery and the misappropriation of their property, brought this action against appellant to recover of him the amount he had collected on these checks belonging to them under the forged indorsement of their name by Altman. The checks amounted to $227.93. On final hearing the court gave judgment in favor of the plaintiffs.

There is no plea of estoppel, and we see nothing in the evidence to warrant an estoppel if pleaded. Appellees were not required to anticipate a forgery. The bookkeeper had no authority as such to sign the firm's name, and had nothing to do with the checks. He obtained them, in fact, surreptitiously, and without the line of his authority. Appellant appears to have been equally innocent, and so the precise question is on which of two equally innocent persons the loss should fall. In Morse on Banking, section 248, it is said: "If a negotiable instrument having a forged indorsement come to the hands of a bank and is collected by it, the proceeds are held for the rightful owners of the paper, and may be recovered by them, although the bank gave value for the paper, and has paid over the proceeds to the party depositing the instrument for collection." See, to same effect, 3 Randolph on Commercial Paper, sections 1469, 1739, 1777. The case of Farmer v. People's Bank (decided by the Supreme Court of Tennessee) 47 S. W., 234, is much like this case. There Head, who had possession of a check payable to Farmer, indorsed Farmer's name upon it without his knowledge or consent, and delivered it to the People's Bank, who collected the proceeds and permitted Head to check out the money. After this, Farmer demanded the

Meyer v. Chas. Rosenheim & Co.

money of the People's Bank, and, it refusing to pay him, sued to recover the amount collected by it on the check. The court held that the logic of the rule to the effect that a check payable to a certain person can only be properly paid upon his genuine indorsement, or to him, necessarily was that one coming into possession of such paper under a forged indorsement of his name could not successfully resist the title of the true owner, or, if it had been converted into money, a demand for its proceeds  A number of decisions from other States are collected in that opinion.  The rule is that a forged indorsement is a nullity.  Appellant's position then in law is the same as if he had taken appellees' checks and collected the money on them without any indorsement of them at all.  The collection of the checks by him was a conversion of them, and he who converts the personal property of another is always liable to the owner therefor.  Appellant has collected appellees' money.  He had no right in law to the money, and he can not retain it against them.  The action is not based upon the writings, but upon the idea that appellant has converted the property of another, and that he can not retain as against the true owner the proceeds of the property.  Bramblett v. Caldwell, 105 Ky., 202, 20 R., 1123, 48 S. W., 982.

Judgment affirmed.