## Reid v. Reid.

(Decided January 4, 1911.)

### Appeal from Pulaski Circuit Court.

Vendor and Vendee—Rights of Parties Under Verbal Contract.—A verbal contract for the sale of land is not enforcible by either party, but when the vendee under such a contract pays a part or all of the purchase price to the vendor, he is entitled to recover from the vendor the money so paid with interest in the event the vendor refuses to complete the contract by a conveyance, but should be charged with the value of timber taken from the land.

DENTON & FLIPPEN and MORROW & MORROW, for appellant.

J. R. COOK, for appellee.

Opinion of the Court by Judge Carroll—Reversing.

In 1909 the appellee A. D. Reid filed his petition against the appellant A. F. Reid, setting out that on the third day of September, 1906, he bought from appellant under a verbal contract a tract of land for the sum of $325.00, paying in cash $295.00, the balance to be paid in twelve months. He averred that when the purchase was made and the money paid, the appellant agreed to make and acknowledge in due form a warranty deed conveying to him the land, but had failed and refused to do so. He tendered with his petition the amount of the deferred payment and asked that the appellant be required to convey to him the land or that he have judgment for $295.00 with interest from September 3, 1906.

The appellant filed an answer that was merely a denial of all the material averments in the petition.

After the evidence was taken, the court upon hearing the case adjudged that appellee recover of the appellant the sum of $295.00 and his costs. To obtain a reversal of this judgment this appeal was prosecuted.

The difference between the parties as we gather it from the record is substantially this—the appellant claims that he sold the appellee the tract of land in controversy for $300.00, and some timber on a different piece of land for $325.00, and an interest in the timber, and that the payments, if any, made by appellee were on the contract for the sale of the timber and not the contract for the sale of the land. While the appellee insists that he did not buy any timber from the appellant apart from that on the land purchased and that all payments made were on the purchase price of the land. Although there is conflict in the evidence, the weight of it supports appellee's view of the transaction. But appellee, after his purchase, sold the timber on the land for considerably more than $295.00, and as the contract was not enforcible by either party, their rights are to be adjusted according to the principles applicable in cases of this character. That is to say, as the appellant refused to convey the land the appellee was entitled to recover from him the money paid on the purchase price with interest thereon from the date of payment, and should be charged with the value of the timber taken from the land by him. McCracken v. Sanders, 4 Bibb, 511; Hunt v. Sanders, 1 A. K. Mar., 552; Reed v. Lander, 5 Bush 21; Lucas v. McGuire, 29 Ky. Law

Rep., 1068. And so we accordingly hold that as appellee derived more from the land during the time he had it in possession by the sale of the timber than the amount of the purchase money paid by him, with interest thereon, he is not entitled to recover anything from the appellant.

Wherefore the judgment is reversed with directions to dismiss the petition.