## MERCHANTS' BANK OF WASHINGTON, D. C., v. NATIONAL CAPITAL PRESS, Inc.

(Court of Appeals of District of Columbia. Submitted December 14, 1922. Decided April 3, 1923.)

No. 3840.

Banks and banking ⬅️148(2)—Bank held liable to payee for money collected from drawers of checks on forged indorsement of payee's name.

Where plaintiff's name was forged on checks payable to it by its bookkeeper, who had no authority to indorse the checks, and the amount thereof paid by defendant bank to the bookkeeper, and defendant thereafter collected from the banks on which the checks were drawn the amounts thereof, so that plaintiff would have no recourse against the drawers of the checks, defendant bank held the money in place of the checks, and plaintiff can recover it from the bank in an action for money had and received.

Appeal from the Supreme Court of the District of Columbia.

Action by the National Capital Press, Inc., against the Merchants' Bank of Washington, D. C. Judgment for plaintiff, and defendant appeals. Affirmed.

Joseph A. Rafferty and P. H. Marshall, both of Washington, D. C., for appellant.

James A. Drain and Dale D. Drain, both of Washington, D. C., for appellee.

Before VAN ORSDEL, Associate Justice, and MARTIN and SMITH, Judges of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. By declaration in the common counts, appellee sued appellant in the Supreme Court of the District of Columbia for the amount of 22 checks, payable to the order of plaintiff, which were cashed by defendant bank. The bookkeeper of plaintiff extracted the checks from the mail, credited the accounts of the customers from whom they were received, indorsed the checks in plaintiff's name, cashed them at defendant bank, and appropriated the proceeds to his own use. The checks were collected by defendant from the respective banks on which they were drawn. It is conceded that the bookkeeper had no authority to indorse and cash the checks. From a verdict and judgment for plaintiff, defendant appealed.

The liability of defendant bank to plaintiff for the aggregate amount of the checks is the single question involved. Counsel for defendant seeks to establish analogy to the settled principle that the holder of a check cannot maintain a suit against the drawee bank. Bank v. Millard, 10 Wall. 152, 19 L. Ed. 897; Bank v. Whitman, 94 U. S. 343, 24 L. Ed. 229. But the suit here is not against the drawee bank, but against one who acquired no title to the checks obtained from a defaulter upon his forged indorsement, and in turn no title to the money collected upon the checks.

If the drawee banks had refused to cash the checks, a different case would be presented. Plaintiff would then have recourse against its

customers, the drawers of the checks, whose funds in the drawee banks, against which the checks were drawn, would still be intact. Defendant, however, by collecting from the drawee banks, foreclosed the right of action by plaintiff against the drawers of the checks.

The checks, when received and collected by defendant, were the property of plaintiff, and plaintiff's title therein could not be defeated by a forged indorsement. Plaintiff's title remained the same as it was before the forgery was committed; hence, when defendant received the money on the checks, it had no more title to the money than it had to the checks, and plaintiff could recover the amount collected on the checks in an action for money had and received. This rule is sustained generally in the states, and we have not been cited to any federal authority to the contrary. Buckley v. Second National Bank, 35 N. J. Law, 400, 10 Am. Rep. 249; Talbot v. Bank of Rochester, 1 Hill (N. Y.) 295; Johnson v. First National Bank, 6 Hun (N. Y.) 124; Schaap v. First National Bank, 137 Ark. 252, 208 S. W. 309; Meyer v. Rosenheim & Co., 115 Ky. 409, 73 S. W. 1129, 24 Ky. Law Rep. 2314; United States Portland Cement Co. v. United States National Bank, 61 Colo. 334, 157 Pac. 202, L. R. A. 1917A, 145; Graton & Knight Mfg. Co. v. Redelsheimer, 28 Wash. 370, 68 Pac. 879; Kansas City Casualty Co. v. Westport Avenue Bank, 191 Mo. App. 287, 177 S. W. 1092; Buena Vista Oil Co. v. Park Bank, 39 Cal. App. 710, 180 Pac. 12; Farmer v. People's Bank, 100 Tenn. 187, 47 S. W. 234; Indiana National Bank v. Holtsclaw, 98 Ind. 85; Oil Co. v. Express Co., 265 Ill. 156, 106 N. E. 623; Shaffer v. McKee, 19 Ohio St. 526; Blum v. Whipple, 194 Mass. 253, 80 N. E. 501, 13 L. R. A. (N. S.) 211, 120 Am. St. Rep. 553; Bristol Knife Co. v. First National Bank, 41 Conn. 421, 19 Am. Rep. 517.

Similar cases have been before this court. In Crane v. Postal Telegraph-Cable Co., 48 App. D. C. 54, an action for money had and received was brought by the payee of checks against the bank which cashed them on the indorsement of plaintiff's agent. The court below directed a verdict in favor of plaintiff. The judgment was reversed for failure to submit to the jury the question of the agent's authority. This, however, implied liability on the part of the bank if the agent should be found to have been without authority to indorse the checks. Here the lack of authority of the bookkeeper was not only found by the jury but it is conceded. A like inference is deducible from our decision in Indiana Flooring Co. v. District National Bank, 51 App. D. C. 391, 280 Fed. 522.

The judgment is affirmed, with costs.