## Milan, et al. v. Young, et al.

(Decided December 8, 1925.)

### Appeal from Perry Circuit Court.

1. Specific Performance—Specific Performance Not Granted, Where Plaintiff Fails to Show Clear Title.—Specific performance of a contract for exchange of farms, will not be decreed, but contract will be rescinded, where plaintiff failed to show a clear title to his property, and part had been recovered from plaintiff under a superior title.

2. Exchange of Property—On Rescission of Exchange of Farms, Possession Restored, Accounting Had, and Amount Recovered Declared Lien on Property of Other Party.—Where contract for exchange of farms is rescinded for failure of one of parties to make title, possession of farms originally owned by parties should be ordered restored, and an accounting had, and amount recovered on accounting will be adjudged a lien on tract owned by other party.

EVERSOLE & CAMPBELL for appellants.

NAPIER & HELM for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

In December, 1912, Thomas Milan owned a tract of land in Perry county. Isaac Young owned a tract in Leslie

county. They agreed to exchange farms. On December 7, 1912, Milan entered into a written contract signed by him by which, in consideration of the sum of $1,000.00 in hand paid, he sold to Isaac Young and wife his tract of land in Perry county, and on the same day by a like writing, in practically the same words, Young sold for the same consideration his farm to Milan and wife. Neither Mrs. Milan nor Mrs. Young signed the writings. Deeds were not then made as there were liens on Milan's farm which he had to release before he made a deed. Possession was delivered by each to the other four or five days after the writings were drawn. On June 27, 1916, Young and wife brought this action in equity against Milan and wife for a specific performance of the contract. The defendant filed answer pleading that Young had not title to the tract of land taken in the exchange; that a part of the land had been recovered from Milan under superior title and that when Young made the exchange he sold the land without any reservation of the minerals when in fact he did not have title to the minerals. Proof was taken and on final hearing the circuit court decreed a specific execution of the contract. Milan and wife appeal.

The proof leaves no question that the transaction was simply an exchange of farms, although a consideration of $1,000.00 is recited in each writing. It is a settled rule that specific execution of a contract for the sale of land will not be decreed where the grantor has not good title. Where on an exchange of land it is discovered that the title of one party is defective the other cannot in general be compelled to convey until the defect is cured. Overton v. French, Snead 287. A vendor praying specific performance of the contract must show himself able to make a clear title, and unless he does so a specific performance cannot be decreed. Lewis v. Herndon, 3 Litt. 358; Jarman v. Davis, 4 T. B. Mon. 45; Barnett v. Higgins, 4 Dana 565; Beckwith v. Coomes, 6 B. Mon. 222. Young produces no title to the land. He testifies he has at home two deeds which are unrecorded and that he will file them, or copies of them. But none are filed and there was no showing who made these deeds or that the parties who made them had any title to the land.

It is also shown that Young pointed out to Milan the boundary of the land which he owned and that this boundary included 87 acres. Of this 87 acres 31 acres

have been recovered from Milan under a superior title and this recovery includes a part of the cleared land held by Young.

It necessarily follows from these facts that specific execution of the contract cannot be decreed, and that on the facts the contract should be rescinded and the rights of the parties adjusted on equitable principles as in other cases of rescission. On the return of the case to the circuit court, that no injustice may be done, either party will be allowed to take further proof on the matters involved in the settlement. The court will make an order restoring to each of them the possession of the tract of land he then owned, and on final hearing will adjust the account between them. The party recovering on the settlement of the account will be adjudged a lien on the tract owned by the other for the amount found due him.

Judgment reversed and cause remanded for further proceedings consistent herewith.