## Clark v. Louisville Trust Company, Trustee.

(Decided April 23, 1929.)

HENRY J. TILFORD for appellant.

THOMAS C. FISHER for appellee.

Opinion of the Court by Judge Logan—Reversing.

By the provisions of the will of Jessie L. Clark, one-fifth of the residue of her estate was left to the Louisville Trust Company as trustee to hold and manage the trust estate and pay over to her son, the appellant, William Kerr Clark, during his natural life, the net income therefrom. It was provided that, upon the death of William Kerr Clark, the estate devised in trust should pass to and vest in fee in his lawful heirs, if any, otherwise it should pass to and vest in the heirs of the testatrix. He was given power to devise the trust estate by a last will and testament.

The appellant instituted this action to compel the trust company to pay over to him $7,440 which he alleged was income from the trust estate to which he was entitled under the provisions of his mother's will. The petition set out in detail the manner in which the income claimed by appellant arose. The trust company con-

tented itself by denying that the sum claimed was a dividend, without making any denial of the detailed facts alleged in the petition. It expressed a willingness to pay the sum to appellant if the court should be of the opinion that the sum represented income payable to the appellant. The only reason it gave in its answer for the refusal to pay over the sum in controversy was that the cash distribution made by the Louisville Heating Company to its stockholders through which transaction the sum claimed arose was not declared by the directors of that corporation to be a dividend.

The heirs of the testatrix filed an answer in which they admitted the allegations of the petition, and consented that the sum claimed should be paid to appellant.

The action was submitted on the pleadings, and the chancellor, being acquainted with the facts involved in the transactions from which the sum claimed arose, declined to enter a judgment in favor of appellant without proof sustaining the allegations of his petition. This ruling of the chancellor was without prejudice to the right of appellant to take proof. The appellant declined to plead further, or to take proof, and his petition was dismissed.

The burden was thrust upon the chancellor to determine whether the sum claimed was income within the meaning of the will of the mother of appellant. He concedes, in his opinion, that, if the allegations in the petition are true, appellant would be entitled to a judgment. He points out that, if the brothers and sisters of appellant who consented that the money should be paid to him were the only persons having any interest in the trust estate, there would be no difficulty about granting the prayer of the petition. But, as he wisely suggested, it is impossible to say at this time who will be entitled to the trust estate at the death of the appellant. He considered it his duty, as well as the duty of the trustee, to protect the interest of the contingent remaindermen.

The question before us is whether the chancellor, under the pleadings, was authorized to deny the prayer of the petition. He wanted to know the facts, and the parties to the action apparently desired him to accept as true the statements in the petition.

We think the chancellor was without authority to deny the prayer of the petition because he was satisfied that the allegations could not be supported by proof, but

he was not without power to compel an issue. Section 114 of the Civil Code is as follows: "Parties must, before trial, form a material issue concerning each cause of controversy; and it is the duty of the court, upon or without motion, to compel them to do so; and, for that purpose, they may be required to reform their pleadings or the pleadings of a party who is in fault may be stricken from the case."

This requirement applied not only to actions of law, but to proceedings in equity. Newman's Pleading and Practice (3d Ed.) sec. 509.

This court has held that the trial court has the power to compel a compliance with the provisions of section 114 of the Civil Code. Hale v. Grogan, 99 Ky. 170, 35 S. W. 282, 18 Ky. Law Rep. 46; Brashears v. Letcher County, 61 S. W. 285, 22 Ky. Law Rep. 1763.

The Lousiville Trust Company did not make an issue by its answer. The court should have required it to do so. Upon a return of the case, it should be required to plead to an issue, and, if it refuses, its answer should be stricken. If judgment should then be entered in favor of appellant without an answer on the part of the trustee, its liability to any one making claim in the future, if such claim should be upheld, would be certain and definite.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.