## United Cooperative Realty Co. v. Hawkins et ux.

(Decided May 25, 1937.)

EDWARD W. BENSINGER, JR., for appellant.

MANLEY & GAILLARD and ROBERT M. ODEAR for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appellees, T. S. Hawkins and wife, sued the appellant to rescind a contract of purchase of a lot in a subdivision near Louisville and to recover the money paid thereon. Judgment being rendered for them, the defendant appeals.

By the contract or title bond executed October 20, 1926, the purchaser agreed to pay appellant $1,044 for the property in monthly installments of $15, interest and taxes. The vendor bound itself to convey the lot when full payment had been made by "a proper deed containing a general warranty that the said premises are free and clear of all encumbrances." The only restrictions pertain to the minimum cost and location of buildings which might be erected on the lot and "to the usual nuisance clauses." The petition alleged that full payment had been made by October 1, 1934, and the defendant had failed and refused to execute and deliver a deed for the property, although demand had been made that it do so. The answer denied the demand and alleged that plaintiffs had stated that they desired another lot instead of that covered by the contract, and that the deed had been held up pending their decision. The defendant averred its willingness and readiness to make the deed and tendered one with the pleading. A demurrer being overruled, a reply and an amendment formed an issue on the reason assigned for the delay and pleaded that the tendered deed contained restrictions other than those in the title bond. A motion to strike and demurrer were overruled and the court, of his own accord, allowed the defendant one week in which to tender a deed without two of the several restrictions contained in that which had been tendered. A rejoinder was in effect a confession and avoidance. In overruling defendant's motion to set aside the order requiring it to tender a deed in accordance with the terms of its contract, the court recited that the defendant had failed to tender such a deed and adjudged a rescission of the contract and recovery of $1,164.20 which had been paid by the plaintiffs. A lien was awarded to secure the payment of the judgment and the property ordered sold to satisfy it.

It is submitted that the petition does not state a cause of action for rescission and refund, but only pleads grounds for specific performance. It alleges full performance of the contract on the part of the vendees and a refusal on the part of the vendor to perform. The rule is thus stated in annotations, 59 A. L. R. 223:

"Where the vendor breaches an executory contract for the sale of land, the vendee, if not himself in default, may elect to rescind the contract and recover the amount he has paid on the purchase price."

This rule is supported by the citation of many authorities, including Bullitt v. Eastern Kentucky Land Company, 99 Ky. 324, 36 S. W. 16, 18 Ky. Law Rep. 230; Shemwell v. Carper's Adm'r, 87 S. W. 771, 27 Ky. Law Rep. 997; Gayle v. Troutman, 103 S. W. 342, 31 Ky. Law Rep. 718; Elliott v. Walker, 145 Ky. 71, 140 S. W. 51; Mann v. Campbell, 198 Ky. 812, 250 S. W. 110. See, also, Taylor v. Porter, 31 Ky. (1 Dana) 421, 25 Am. Dec. 155; Hamilton v. Smith, 9 Ky. Op. 583; Reid v. Reid, 141 Ky. 402, 133 S. W. 219; Craig v. Prather, 41 Ky. (2 B. Mon.) 9; 27 R. C. L. 623, 649; 66 C. J. 798. The case of Utterback v. Houser, 184 Ky. 789, 213 S. W. 191, is relied on by the appellants, in which it is stated upon the authority of 6 Cyc. 286, that to justify rescission there must be one or more of several enumerated conditions and the mere refusal to convey is not among them. That decision is not in point, as it involved an executed contract and the rescission of a deed. Other cases cited are distinguishable as not disclosing an unwillingness of the vendor to perform the contract.

It is argued that the tender of the deed by the pleading is a complete defense. That instrument contained these two restrictions, among others: (1) The property could never be leased, occupied, or sold to a negro or person of African descent; and (2) no signs for advertising purposes should be placed on the property. Restricting the use of urban territory strictly to residential purposes is valid. 27 R. C. L. 508, 743. An agreement that certain property shall not be sold to a person of negro blood does not violate the Federal Constitution or the civil rights law of the United States. Corrigan v. Buckley, 271 U. S. 323, 46 S. Ct. 521, 70 L. Ed. 969. But the courts are not in agreement as to the validity of such provisions in a deed. Los Angeles In-

vestment Co. v. Gary, 181 Cal. 680, 186 P. 596, 9 A. L. R. 120; Parmalee v. Morris, 218 Mich. 625, 188 N. W. 330, 38 A. L. R. 1185; 42 A. L. R. 1273; White v. White, 108 W. Va. 128, 150 S. E. 531, 66 A. L. R. 531. It is not necessary for us to determine the validity of this provision in the tendered deed, for a party to an executory contract to buy land is not bound to submit to the conveyance of a title different in character from that stated in the contract, or to accept a deed containing terms materially different from that agreed upon. Beckwith v. Kouns, 45 Ky. (6 B. Mon.) 222; Wallingford v. Bassett's Adm'r, 4 Ky. Op. 578; Mann v. Campbell, supra; Black on Rescission and Cancellation, secs. 418, 419.

The defendant pleaded that its title to the property contained similar covenants to those of the tendered deed. The record, however, manifested the fact that the defendant, because of these conditions, was not able to pass the clear title he contracted to convey. If it be conceded that the clause limiting the alienation of the property to persons of the Caucasian race should be deemed to offend the law and therefore ineffective, nevertheless such a restrictive covenant is an encumbrance upon the title and the vendee would be compelled to have it cleared. He is not required to accept a lawsuit. These two restrictions must be regarded as justification for a rescission and the recovery of the money paid. Black, secs. 418, 420, 427; Annotations, 59 A. L. R. 245.

The claim is made that the court determined the case prematurely without permitting proof on the issues. There was only one issue of fact and that was whether the failure to make a deed sooner was at the instance of the plaintiffs. The real issue was one of law, that is, whether the vendor was then offering a deed which met the requirements of its contract. Its determination took care of the issue of fact.

Nor can we find merit in the point that in rendering judgment against the defendant because of its failure to tender a deed conforming to the title bond, after having been given a reasonable time in which to do so, was an unauthorized punishment for civil contempt. The order in effect was putting the defendant on terms to present a valid defense or suffer an adverse decision. It was expressly permitted by section 114, of the Civil Code of Practice. Clark v. Louisville Trust Company,

229 Ky. 101, 16 S. W. (2d) 799. When such a defense was not presented, the court was authorized to render the judgment.

The judgment is affirmed.