## Hollifield et al. v. Blackburn.

April 23, 1943.

W. A. Daugherty for appellants.

Joe Hobson for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

On September 16, 1936, the appellants instituted this action against their mother, the appellee, to set aside a deed executed to her by their father on November 25, 1925 and recorded on January 23, 1928. In their petition they alleged that their father had died on January 17, 1928, leaving a will (executed, according to the exhibit, in February 1924) in which he devised appellee only a life estate in the real estate with remainder to them and their brothers and sisters, and that the deed referred to had been procured by their mother through the exercise of fraud and duress and upon the understanding that it would not be put to record or have any force or effect unless a threatened suit against him for damages, which never materialized, was filed. The chancellor sustained a special demurrer to the petition based upon the defect of parties resulting from appellants'

failure to make their brothers and sisters parties to the action. Notwithstanding this ruling of the chancellor and the absence of an amendment curing the defect, the appellee filed an answer and counterclaim in which she traversed the material allegations of the petition, pleaded the bar of limitation created by KRS 413.120 and KRS 413.130 (KS Sections 2515, 2519) and asked that the title created in her by the deed be quieted. No reply was filed, and after the lapse of more than three years the appellee moved to submit for judgment. Four and one-half months later the court sustained the motion and entered a judgment dismissing the petition and awarding appellee her costs. At the next term of court, depositions taken by appellants following the filing of the answer and counterclaim were filed, but by a subsequent order of the court, appearing in the clerk's supplemental transcript, they were stricken from the record.

On this appeal from the judgment dismissing the petition it is argued that instead of dismissing the petition the chancellor should have required the parties "to plead to an issue and then take and file proof on the issues." Cited in support of this argument are Section 114 of the Civil Code of Practice and Clark v. Louisville Trust Co., 229 Ky. 101, 16 S. W. (2d) 799. But Section 114 of the Civil Code of Practice merely directs and empowers the court to require the parties to an action to form material issues by pleading before trial is had, and was never intended to require the court to compel a litigant to deny that which he was unable to deny, or to plead in avoidance a state of facts which did not exist. A mere reading of the opinion in the case of Clark v. Louisville Trust Co., supra, is sufficient to demonstrate that it in no sense supports appellants' contention.

The dates on which the deed was executed and recorded were set forth in the petition as well as in the affirmative paragraphs of the answer pleading limitation in bar of the action. The petition showed on its face that the bar had intervened, since it contained no facts which could have postponed its operation. Appellants' present counsel, who did not represent them in the court below, in effect throws himself on the mercy of the court by urging that we should not permit a miscarriage of justice, occasioned, as he suggests, by the oversight, resulting from pressure of business, of the lawyer who represented appellants in the lower court. However he

fails to suggest how the facts on which the plea of limitation was based could have been denied or the effect of that plea avoided. Nor do any such facts appear in the depositions which were filed by appellants after the judgment had been rendered. KRS 413.120 provides that an action for relief from fraud or mistake must be commenced within five years after the cause of action accrued. KRS 413.130 provides that the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake, but that the action "shall be commenced within ten years after the time of making the contract or the perpetration of the fraud." Since we have construed the latter statute to mean that the cause of action accrues when the fraud or mistake becomes discoverable by the exercise of ordinary diligence, and held that the recording of a deed disclosing the fraudulent transaction is notice thereof to all the world, appellants' cause of action accrued on January 23, 1928, the date the deed was recorded. Had the deed not been recorded or the alleged fraud become otherwise discoverable, nevertheless the appellants in order to maintain their action would have had to commence it within ten years after November 25, 1925, the date on which the deed was executed.

In the case of Sword v. Scott et al., 293 Ky. 630, 169 S. W. (2d) 825, 827, decided March 19, 1943, we held that the statutes referred to "imposed conditions precedent" to the maintenance of such actions. See, also, Hunt v. Picklesimer et al., 290 Ky. 573, 162 S. W. (2d) 27; Francis v. Francis, 288 Ky. 685, 157 S. W. (2d) 289; Graham's Adm'r v. English, 160 Ky. 375, 169 S. W. (2d) 836; Dorsey v. Phillips, 84 Ky. 420, 1 S. W. 667.

From the record before us it would appear that nothing less than an act of the legislature repealing or amending the statutes of limitation could have saved appellants from a dismissal of their suit; and to reverse the judgment, assuming that we had the power to do so in the absence of an error appearing in the record, would serve merely to postpone that inevitable result.

Judgment affirmed.