## Tidwell v. O'Bryan's Adm'r.

June 9, 1944.

750

Jack E. Fisher for appellant.

W. V. Eaton for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appellant, George W. Tidwell, sued the administrator of the estate of W. C. O'Bryan, deceased, on a promissory note for $500. His evidence, however, tended only to show that the writing, although in the form of a note, was, if genuine, but a memorandum of the fact that the decedent had received that sum of money from the plaintiff on the purchase price of real estate which O'Bryan was to convey Tidwell upon payment of the balance. Because of the variance the judgment for the plaintiff was reversed. Hanner v. Tidwell, 291 Ky. 427, 164 S. W. 2d 970. Since O'Bryan had failed to convey the property, we stated that Tidwell's only cause of action was in assumpsit for money had and received, and that the parties should be permitted to amend their pleadings "so as to present the real issues involved in their controversy."

An amended petition alleged that on January 27, 1937, the parties had agreed to sell and buy "certain real estate located in Paducah, McCracken County, Kentucky," for $2500, and that the plaintiff had paid O'Bryan a down payment of $500, which was evidenced by the memorandum signed by him. The instrument described in our former opinion was set up as being that memorandum. It is alleged that O'Bryan failed to convey the property before his death in 1940; that although

demand was made, the money had never been repaid and that the plaintiff was entitled to recover the amount with interest. The defendant filed a demurrer and an answer consisting of a traverse, a plea of the statute of frauds as the alleged contract of sale was not in writing; and of the five-year statute of limitations. When the demurrer to the amended petition had been •sustained, the plaintiff filed another in which he iterated, in dif-. ferent language, the conditions under which the instrument or memorandum had been executed, and alleged that there was "a distinct understanding and agreement" between the parties that in the event no conveyance was made O'Bryan would repay the plaintiff the amount of the note or memorandum of $500 and interest, and that he had failed to do so. The demurrer was sustained to the pleading as amended, and the plaintiff suffered a dismissal of his cause.

The appellee insists that the demurrer was properly sustained because the petition as amended did not state a good cause of action on a contract to convey real estate, and this constituted a conflict between the writing sued on and the pleading, which justified the order sustaining the demurrer. The cases cited in support of this contention were suits for the specific performance of contracts to convey land, evidenced only by receipts or memoranda of payment of part of the purchase money, with indefinite and insufficient descriptions of the land. They only decided that such instruments were not writings within the statute of frauds. The theory of the appellee, and we may assume that upon which the court acted, seems to be that it is necessary for a plaintiff to plead an enforceable contract for the conveyance of property in order to get his money back; in short, that if the contract was unenforceable no recovery of money paid thereon can be had.

It is the very fact that there has been a failure of the consideration of the $500 paid which constitutes the basis for his cause of action. The common law action of assumpsit for money had and received is simple and liberal in form, as is the pleading of it. 41 C. J. 62. It may be upon an express agreement or one implied in fact but it is not dependent upon either condition. It is equitable in nature and if conscience demands a return of the money, it will be enforced. Unjust enrichment is the foundation. Jones v. Howard, 208 Ky. 757, 271

S. W. 1048; 4 Am. Jur., Assumpsit, Sec. 20. The remedy is very frequently used to recover back money paid on a contract which has been rescinded or the consideration for which has failed. The failure may result from the fact that one having the money refuses to perform the contract and the purchaser cannot enforce specific performance or recover damages because of the statute of frauds. This court has so held as far back as 1819. Hunt v. Sanders, 8 Ky. 552, 1 A. K. Marsh. 552. See also Reid v. Reid, 141 Ky. 402, 133 S. W. 219; Mason v. Moore, 221 Ky. 481, 298 S. W. 1100; United Cooperative Realty Company v. Hawkins, 269 Ky. 563; 108 S. W. 2d 507; 41 C. J. 35, 45. The plaintiff by his amended petition abandoned his effort to recover on the instrument as a promissory note, and planted his case upon the ground we held he would be entitled to rest it upon under the evidence produced on the first trial; although we left open the weight to be given a rather incredulous story. The instrument ceased to be the basis of the action and became evidentiary only under such pleading. The pleading was good without reference to the writing. Bramblett v. Caldwell, 105 Ky. 202, 48 S. W. 982. Upon the assumption that the allegations pleaded are true, we think the demurrer should have been overruled.

The judgment is reversed.