**Elihu REYNOLDS et al., Appellants,**

v.

**A. C. RAPP, Appellee.**

Court of Appeals of Kentucky.

May 13, 1960.

D. G. Boleyn, Hazard, for appellants.

Stephen Combs, Jr., Whitesburg, for appellee.

STANLEY, Commissioner.

The appellee, A. C. Rapp, sued the appellants, Elihu Reynolds and wife, on a promissory note for $2,050 and to enforce a mortgage lien on an undivided half interest in mineral land. The defendants admitted liability on the note but entered a counterclaim consisting of three items aggregating $4,700. Judgment was awarded the plaintiff.

Reynolds, a former resident of Perry County, then residing in Hamilton, Ohio, and Rapp orally agreed in a nebulous sort of way to enter upon a venture of trading in timber lands in Perry County. Reynolds was to contribute his experience and services and Rapp the finances, or the major part thereof. Rapp advanced Reynolds $350, for which he executed his note. The parties differ as to whether Rapp should receive 20 per cent or 50 per cent of the profits.

It appears that no timber was purchased by Reynolds, but he earned a commission as an agent or broker in procuring the sale of a tract of timber directly to a third person. He regarded Rapp as being entitled to $800 of the commission, and accordingly satisfied the note and paid Rapp the balance of $443.50. In this action Reynolds sought to recover that sum on his counterclaim upon the ground of unjust enrichment, since, as alleged, there was no

consideration for its payment. See Tidwell v. O'Bryan's Adm'r, 297 Ky. 749, 181 S.W. 2d 260. The court, who tried the case without a jury, found the payment was within the terms of the parties' agreement and was supported by a consideration. The item was, therefore, disallowed. We agree.

In the course of the joint adventure, the parties purchased certain mineral property. Reynolds executed his note to Rapp for $2,050 (the note sued on) which represented in part at least Reynolds' share of the cost. Then, on February 21, 1956, Reynolds entered into an agreement by which he leased his undivided half interest in the mineral tract to Rapp. By this instrument Rapp assumed primary responsibility of developing the property. But the contract contained the provision, "It is contemplated and expected that the party of the second part [Rapp] will sublease all or any part" of the boundary with specified minimum rental or royalty, to be divided between the two owners. Another provision was that Rapp would "enter into subleases or make other arrangements to have the premises in operation and the production of coal therefrom within one year from the date hereof." In the event this provision was not complied with, Reynolds had the option of cancelling the lease. He did so on February 7, 1957. Another provision was an agreement that Reynolds would "give all reasonable assistance in securing subleases." No sublease was ever executed or coal mined.

Reynolds' principal counterclaim is for $3,750 for royalties which he would have received, as he alleged, if Rapp had subleased the property or developed it himself, which it is charged he could have done by the exercise of reasonable diligence.

The question is essentially one of fact. The trial court found that both parties—particularly Rapp—had made diligent efforts to obtain the development of the property through a sublessee, as contemplated, but were unsuccessful. Likewise, in respect to the unclear commitment that Rapp would or should engage in mining the coal on his own account.

We may put aside the speculative character of the claim for royalties which might have been obtained from the development of the property. Nor is comment necessary on the argument of breach of an implied obligation on Rapp's part, for the contract described his obligations. We may observe, as did the trial court, that Reynolds is still the owner of one-half interest in the property.

 Recitation of the evidence would be of no avail. We deem it sufficient to say that its reading convinces us that the finding of fact is the right and proper decision.

The third item of the counterclaim, which was for $500 for expenses incurred by Reynolds in purchasing and looking after the property, has been abandoned.

The judgment is affirmed.