James W. MULLINS et al., Appellants,

v.

G. A. WEATHERLY et al., Appellees.

Court of Appeals of Kentucky.

Feb. 8, 1957.

Roberts & Parham, Mayfield, for appellants.

Robbins & Cross, McDonald, Boaz & Boaz, Mayfield, for appellees.

CULLEN, Commissioner.

James W. Mullins and others brought this action as members of an alleged class, seeking to set aside a deed of conveyance from G. A. Weatherly and his wife to the West Kentucky Rural Telephone Cooperative Corporation, Incorporated, or in lieu thereof to recover for the class the purchase price. The deed purported to convey certain facilities and properties of a local telephone system in the town of Wingo, in which system the plaintiffs asserted an interest.

The defendants moved to dismiss, one of the grounds being failure to state a claim upon which relief could be granted. Depositions of the plaintiffs taken by the defendants were permitted to be filed over the objection of the plaintiffs. The plaintiffs then, without waiving their objections, filed a deposition of G. A. Weatherly, taken by them. The plaintiffs did not ask for an extension of time within which to file additional depositions.

In deciding the motion the trial judge considered the depositions and dismissed the action for failure to state a claim upon which relief could be granted. In CR 12.02 it is provided: " * * * If, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court,

the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." The court's action, then, was the equivalent of hearing and sustaining a motion for summary judgment.

On this appeal, the plaintiffs contend the court erred in dismissing their complaint, and the defendants, by cross-appeal, assert that there were other grounds for dismissal in addition to the one relied upon by the court. Since we have concluded that the appellants must fail in their contention, it is unnecessary to consider the crosss-appeal.

While the complaint alleged some kind of an ownership interest, on the part of the class the plaintiffs claimed to represent, in the assets sold by the Weatherlys, the depositions submitted by the defendants on the motion to dismiss showed that the asserted claim of ownership had no basis in fact. It therefore became incumbent upon the plaintiffs to make some showing that they could produce proof, on a trial, in support of their allegation of ownership. The plaintiffs, however offered nothing to indicate that they could produce this proof.

The most the plaintiffs could offer was the theory that, upon dissolution of the original telephone *corporation* in 1925, the plaintiffs as rural customers of the system acquired in some way an ownership interest in the assets of the system located in Wingo. The plaintiffs were not stockholders of the original corporation, and made no contribution to the system other than to build and maintain their individual rural service lines, and to pay a monthly service charge. It appears that the Weatherlys' claim of title to the Wingo assets is of obscure origin, but the fact that they may have usurped title in some way from the proper owners can be of no avail to the plaintiffs, in the absence of a showing that the plaintiffs had some kind of title.

Since ownership was essential to the plaintiffs' claim, and since they were unable to show their ability to produce any proof of ownership we think the trial court properly granted summary judgment for the defendants.

The judgment is affirmed.