Mary **TARTER**, Administratrix of the Estate of George W. Joyce, Deceased, Appellant,

v.

Minnie Pearl **ARNOLD**, Appellee.

Court of Appeals of Kentucky.

Jan. 29, 1960.

Rehearing Denied March 17, 1961.

Ewing L. Hardy, Beulah Hampton Ousley, Louisville, for appellant.

**378**

R. M. Morton, John Rose, Louisville, for appellee.

CULLEN, Commissioner.

In 1934 one George W. Joyce executed and delivered a deed to Minnie Pearl Arnold and her husband (since deceased), conveying to them jointly with right of survivorship his residence property consisting of a house and several acres of land, but reserving a life estate in himself. Joyce continued in possession of the property until his death in 1956, whereupon Mrs. Arnold took possession. Mary Tarter was appointed administratrix of Joyce's estate, and in 1957 she brought this action, as administratrix and as an heir at law and on behalf of all other heirs at law, against Mrs. Arnold, seeking to have the deed set aside on the grounds of fraud and failure of consideration, and seeking also to recover furniture and other personal belongings of the deceased which she alleged Mrs. Arnold had converted to her own use. The complaint also sought damages for detention of the real estate and personalty.

Mrs. Arnold answered, denying any fraud and asserting that the Arnolds' agreement with Joyce required them to pay certain specified items of consideration, which they had paid. The answer further denied that Mrs. Arnold had taken any personal property belonging to Joyce. The statutes of limitation also were pleaded.

After answering, Mrs. Arnold moved for summary judgment, and filed in support of the motion her affidavit stating that the consideration for the deed was as specified in her answer and that the consideration had been paid as agreed. The plaintiff filed no counter affidavits or other responsive matter. The court thereupon entered a summary judgment dismissing the complaint, on the ground that the action was barred by limitations.

The plaintiff has moved for an appeal. (The pleadings and judgment do not state the value of the real estate and personal property sought to be recovered, with the result that the only fixed amount in controversy is the sum of $1,400 prayed as damages for detention.)

The appellant first maintains that the court erred in dismissing so much of the complaint as sought recovery of the personal property and damages for its detention. We think the point is well taken. This cause of action clearly was not barred by limitations, because the alleged taking did not occur until after Joyce's death, a few months before the action was brought. Nor can it be said that there was no genuine issue of fact concerning the alleged wrongful taking, because the defendant's affidavit on her motion for summary judgment did not mention the personalty, with the result that the court had before it on the motion for summary judgment, as concerned the personalty, only the complaint alleging the taking and the answer denying it. The judgment must be reversed to the extent that it dismissed the portion of the complaint relating to the personalty.

The appellant next contends that the court erred in holding that the cause of action to set aside the deed on the ground of fraud was barred by limitations. This is on the theory that the statute did not commence to run until Mrs. Arnold had obtained actual possession of the real estate. The appellant relies upon such cases as Sewell v. Nelson, 113 Ky. 171, 67 S.W. 985; Pond Creek Coal Co. v. Runyon, 161 Ky. 64, 170 S.W. 501; Brown v. Spradlin, 136 Ky. 703, 125 S.W. 150, and Howard v. Turner, 287 Ky. 206, 152 S.W.2d 589. It is true that in some of those cases, and in other cases, this Court held that the statute of limitations did not commence to run against an action to reform or set aside a conveyance of land for fraud or mistake while the person who eventually brought the action remained in undisturbed possession of the land. But in those cases the possession was incompatible or inconsistent with the terms of the conveyance, and the other party was doing nothing to

indicate that he intended to claim or assert the present rights which he purported to have under the conveyance. In the case at hand, Joyce's possession was not incompatible or inconsistent with the deed, because the deed had reserved to him a life estate. There was no occasion for the Arnolds to do any act to show that they intended to claim their rights under the deed, because Joyce's possession was entirely consistent with their rights.

 We think the circuit court correctly held that the limitations as against the claim of fraud commenced to run when the deed was executed, with the result that the action was barred under all circumstances after the lapse of 10 years. KRS 413.120(12); 413.130(3); Hollifield v. Blackburn, 294 Ky. 74, 170 S.W.2d 910. Mrs. Tarter and the other heirs of Joyce stood in his shoes, and the action being barred as to him also was barred as to them. Henderson v. Fielder, 185 Ky. 482, 215 S.W. 187.

Aside from the claim of fraud, the complaint might be considered to have asserted a claim of failure of consideration, occurring so recently as not to be barred by limitations. (For illustration, the appellant states in her brief that she was prepared to prove that part of the consideration was the agreement of the Arnolds to pay Joyce's funeral expenses, which they did not do.) However, we think the circuit court properly dismissed the complaint as to this claim also, because on the proceedings for summary judgment it was made to appear that there was no genuine issue of fact as to this claim.

The complaint merely alleged in general terms that the Arnolds agreed as consideration for the deed that they would "do and perform certain acts in the future," and that they failed to perform such acts. In Mrs. Arnold's affidavit on her motion for summary judgment she specified the items of consideration and stated that they had been paid. It is our opinion that it

was incumbent upon the plaintiff to make some showing in response to the affidavit that she could produce proof, on the trial, in support of her allegations as to failure of consideration. Mullins v. Weatherly, Ky., 298 S.W.2d 673. In order to resist successfully the defendant's motion and affidavit, the plaintiff was required to show in some way that there would be evidence upon the trial to create a genuine issue on the fact of failure of consideration. Payne v. B-Line Cab Company, Ky., 282 S.W.2d 342. The plaintiff could not simply rely upon her complaint as establishing the existence of an issue. Moore's Federal Practice, Second Edition, Vol. 6, sec. 56.11(3), pp. 2066 to 2075.

The motion for an appeal is sustained and the judgment is reversed to the extent that the judgment dismissed that part of the complaint asserting a claim with respect to the personal property; in all other respects the judgment is affirmed.