**Martin S. PETTY, Appellant,**

v.

**CODELL CONSTRUCTION COMPANY, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 17, 1961.

J. Jerald Johnston, Frankfort, for appellant.

William Mellor, Louisville, White & McCann, Beverly White, Winchester, for appellees.

WILLIAMS, Judge.

The appellee, Codell Construction Company, hereinafter referred to as Codell, entered into a contract with Kentucky Department of Highways to construct a public road in Jefferson County designated as the North-South Expressway. Codell thereafter contracted with appellant, Martin S. Petty, hereinafter referred to as Petty, wherein Petty agreed to perform certain work as subcontractor. The essential portions of that contract are as follows:

(1) Petty shall perform the work and be paid therefor in accordance with the contract;

(2) The item of work to be performed is hauling a shale and rock waste material from a stock pile to the construction project. The estimated quantity to be hauled is 500,000 cubic yards at a unit price of 36 cents per cubic yard (thereafter mutually adjusted to 38 cents);

(3) Petty shall be paid at the unit price for all work performed. The earnings shall be determined by the actual fill area as shown by the cross sections prepared by the Kentucky Department of Highways regardless of shrinkage or swell;

(4) Upon request, weekly payments may be made to Petty based upon the estimated yardage hauled.

In conformance with the contract Petty hauled shale and rock waste material from the stock pile to the construction project. Weekly payments were made to him based upon estimated yardage hauled. The Kentucky Department of Highways prepared cross sections before the project was commenced and after it was completed which show the entire fill area to contain 522,305 cubic yards. Petty filed action in the Jefferson Circuit Court seeking to recover the difference in the amount calculated at the agreed unit price for the entire fill and the amount actually paid to him, which was for hauling 354,214 cubic yards. Codell moved the court for summary judgment, supported by affidavits. Essentially, the affidavits showed that while the work was in progress the Kentucky Department of Highways instructed Codell that the shale and rock waste material was not fine enough to use in certain areas of the fill, and that a specified number of cubic yards of finer material was placed in the fill by persons other than Petty. Petty then filed a motion to strike the above-noted affidavits and moved the court for summary judgment. The Jefferson Circuit Court overruled Petty's motion to strike the affidavits and his motion for summary judgment. In the same order that court sustained Codell's motion for summary judgment and dismissed Petty's complaint. Petty now appeals from that judgment.

■ A summary judgment should be granted only where no genuine issue of material fact exists, and a party is entitled to judgment on the law applicable to the facts as established. Ingram v. Ingram, Ky., 283 S.W.2d 210. The material fact established here is that a certain amount of a substance finer than shale and rock waste material was placed in the fill by persons other than Petty. But, before summary judgment will be invoked, the contract must be construed by considering it in conjunction with the facts established.

■ Petty contends that the contract is unambiguous and should be construed strict-ly according to its terms. He argues that the parties entered into this contract with the full realization and intent that the compensation should be determined by the actual measurement of the fill area and that it was never intended that compensation should be based upon the actual number of cubic yards hauled. Codell, on the other hand, argues that Petty was to haul shale and rock waste material only and be paid for work performed by him and that there was no intent by either party that Petty should be paid for work performed by others.

Since the shale and rock waste material proved to be unsatisfactory in certain areas of the fill, and since Codell was required to furnish other finer material for those areas, it is obvious the parties were mistaken in their surmise that the entire quantity would be hauled by Petty. Although not ambiguous on its face, that section allowing earnings based on the total fill area loses its clarity when examined beside the fact that certain portions of the fill were put in by persons other than Petty. Looking further to the contract, it is apparent that it was entered into with the intent that Petty would be paid only for the work which he performed. This is obvious when we examine that section which allowed him weekly payments based on the estimated yardage which he had hauled. It is further strengthened by the fact that he was required to haul only shale and rock waste material. At the time the contract was entered into a measurement of the area filled no doubt appeared to be a logical and reasonable method of determining the actual amount hauled by Petty. It was not contemplated that any of the fill material would be placed therein by other persons. Circumstances which later arose proved that belief to be incorrect, and, consequently, that yardstick can no longer be used to determine the work actually done.

This contract does not lend itself to a strict interpretation of the language used in each section thereof. Construing it as a whole, there is but one logical conclusion which may be reached. That is, Petty was to be paid only for work he actually per-

formed and the method of measurement provided in the contract must be limited to such performance. Since he seeks by this suit to recover compensation for work performed by others, which is outside the scope of the contract, the issue resolves itself into a matter of law. The Jefferson Circuit Court properly denied recovery on Codell's motion for summary judgment.

Judgment affirmed.