**COLUMBIA AMUSEMENT COMPANY,**
**Appellant,**

v.

**Nat Ryan HUGHES and Peoples Bank**
**of Murray, Appellees.**

Court of Appeals of Kentucky.

Jan. 24, 1964.

Rehearing Denied March 20, 1964.

Earle T. Shoup, Paducah, for appellant.

Hughes & Gregory, John Arna Gregory, Jr., Murray, for appellees.

WILLIAMS, Judge.

This is an appeal from an order of the Calloway Circuit Court granting summary judgment against the appellant Columbia Amusement Company.

Columbia leased a building owned by appellee Nat Ryan Hughes which was totally destroyed by fire on December 12, 1962. Columbia maintained the lease provided that the property should be rebuilt and that the proceeds from insurance on the property should be applied to such purpose.

At the time the lease was executed in 1938, Columbia's president loaned Hughes' mother $20,000.00 to remodel the building. Both Columbia and its president were named as insureds in the insurance policies covering the property. The money was later repaid but Columbia was continued as an insured in the policies. Mrs. Hughes and Columbia's president have since died. The lease has been renewed several times and could have continued in force until 1973.

After his mother's death Hughes borrowed $75,000.00 from appellee Peoples Bank of Murray. The Bank was made a mortgage loss payee in the insurance policies taken on the property. The judgment of the circuit court allowed the Bank to recover the amount owed to it by Hughes out of the insurance proceeds, and directed that the remainder be paid over to Hughes.

A motion for summary judgment by the Bank was sufficient to authorize the judgment rendered by the circuit court. A similar motion by Hughes would have served no purpose because the motion by the Bank brought out the issues between each of the parties. See Collins v. Duff, Ky., 283 S.W.2d 179 (1955). Columbia had no conceivable claim against the insurance money unless a right somehow emanated from the fact it was leasing the property. Even though it was named as an insured in the policies the right to recover still depended on an insurable interest, if any, achieved by reason of the lease. Although summary judgment will not lie when there is a genuine issue of material fact to be determined, Petty v. Codell Construction Co., Ky., 346 S.W.2d 22 (1961), no material fact was at issue concerning the lease. The circuit court properly examined and interpreted the lease on the motion for summary judgment.

The restoration clause in the lease which has given rise to this controversy reads as follows:

"Should said premises be destroyed or rendered untenantable by fire or other casualty no rent shall be chargeable or collectible thereafter and from the date of such fire or casualty until the party of the first part shall have restored the same in as good condition as before said fire or in such condition as would be acceptable to the party of the second part; but in making such repairs the party of the first part agrees to use all diligence in repairing or rebuilding said theater."

The circuit court was of the opinion that that clause did not create an obligation upon Hughes to rebuild the premises after total destruction by fire and that the purpose of that clause was to exonerate the lessee of payment of rent during the time the building was untenantable as a result of fire or casualty and until such time as the property was restored.

In Davis v. Parker, 200 Ky. 847, 255 S.W. 836 (1923), a somewhat similar clause was construed. It was held that the lessor was required to rebuild in case of damage rendering the building untenantable but not in case of total destruction. Here the plain intent of the language in the clause under consideration is that the building may be restored if damaged and no rent shall become due during the restoration period. Clearly there is no intent to mandatorily require construction of a new building upon total destruction of the old. The lessee is protected from unreasonable delay in restoration, but has no guarantee that it will be done at all.

The circuit court properly considered this case on motion for summary judgment and determined the appellant gained no interest in the insurance proceeds by the lease or the insurance policies.

The judgment is affirmed.