LOUISVILLE CREDIT MEN'S ASSOCIA-
TION, Under an Assignment for the Bene-
fit of Creditors of Charles Patrick, Inc.,
and Louisville Credit Men's Association,
Under an Assignment for the Benefit of
Creditors of City Investment Company,
Inc., Appellants,

v.

The LOUISVILLE TRUST COMPANY,
Appellees.

Court of Appeals of Kentucky.

Nov. 10, 1967.

Rehearing Denied Jan. 26, 1968.

Carl K. Helman, William B. Cohen, Her-
man E. Frick, Louisville, for appellants.

Joseph E. Stopher and A. J. Deindoerfer,
Boehl, Stopher, Graves & Deindoerfer,
Louisville, for appellees.

CULLEN, Commissioner.

The Louisville Credit Men's Association, assignee for the benefit of the creditors of Charles Patrick, Inc. (a corporation) sued The Louisville Trust Company (a bank) to recover $40,000 which had been paid out by the bank on a check drawn on the corporation's account in the bank by one Charles Patrick, an officer of the Patrick corporation. The check, payable to "R. W. Simpson" and having such name endorsed on the back, was presented to the bank by Patrick. The bank cashed the check and at Patrick's request issued to him a cashier's check also payable to "R. W. Simpson." Patrick subsequently endorsed this check with the Simpson name and diverted the proceeds to his own use, applying them in payment of a personal debt he owed to Motors Investment Company.

The theory of the complaint in the instant suit was that Patrick had *forged* the endorsement on the check, wherefore the bank was liable for cashing it. (Patrick had authority to *sign* checks for the Patrick corporation but had no authority to determine for what purposes checks would be issued.) The bank pleaded by way of defense that "R. W. Simpson" was a fictitious person and therefore, under the law of negotiable instruments, the check was in legal effect payable to bearer and could properly be cashed by the bank without regard to indorsement. The bank incorporated in its answer, by reference, the entire record in Louisville Credit Men's Ass'n v. Motors Investment Co., Ky., 394 S.W. 2d 760, a case involving this same check, in which the proof was that "R. W. Simpson" was a fictitious person and the holding of this court was that the check legally was payable to bearer.

The trial court in the instant action granted summary judgment in favor of the defendant bank. The plaintiff has appealed.

■ The transaction in question occurred in 1959, when the old Uniform Negotiable Instruments Law was in effect in Kentucky.

Under the section of that law codified as KRS 356.009 it was provided that an instrument is payable to *bearer* when it is payable to the order of a "fictitious" or nonexisting person, and such fact was known to the person making it so payable. Every authority (and there are a great many) that has considered this section of the Negotiable Instruments Law has agreed that when the drawer of a check knowingly makes it payable to a fictitious person the endorsement of the name of the payee does not constitute a forgery; that the check, being a bearer instrument, does not require an endorsement and any endorsement is wholly superfluous and of no significance. See Mueller & Martin v. Liberty Insurance Bank, 187 Ky. 44, 218 S.W. 465; Uniform Laws Annotated, Vol. 5, Part 1, sec. 9, pp. 128 to 144; 11 Am.Jur.2d, Bills and Notes, sec. 128, pp. 167, 168. There are two obvious reasons why there can be no forgery in such a situation, one being that there is no true signature to be forged, and the other being that the fictitious name is in reality an *assumed* name of the drawer; *he* is the intended payee, and when *he* endorses the check he is signing *his own* assumed name.

The typical situation in which the statute was intended to and does apply is the very situation here involved; i. e., a faithless employe draws a check on his employer's account, payable to a fictitious person, and then endorses the check and converts the proceeds. 11 Am.Jur.2d, Bills and Notes, sec. 128, p. 168.

■ The complaint in the instant action alleged that there was in fact a person named "R. W. Simpson" and that the Patrick corporation "issued the said check drawn on the plaintiff under the belief that the said check would be paid to R. W. Simpson, as a loan to finance bowling equipment and plaintiff intended that the said check should be paid to R. W. Simpson only, and to no other person." This allegation on its face would take this case out of the "fictitious person" statute. However,

on the motion for summary judgment this allegation was not controlling.

In the record of the Motors Investment case, which was pleaded by reference as an exhibit in the answer in the instant case, the proof was conclusive that "R. W. Simpson" was a fictitious person. Charles Patrick, who drew the check, testified that the name on the check was "just a name;" that he later had been told that there was a local golf professional named *W. R.* Simpson, but "that's not the Simpson. He has nothing to do with it. It's the wrong Simpson. The name on that check is just a name." The law is clear that if the drawer of a check did not intend a real person to have any interest in the check as payee, the check will be considered as payable to a fictitious person, even if there happens to be in existence a person having the name used to designate the payee. See 11 Am.Jur.2d, Bills and Notes, sec. 128, pp. 167, 168; and Union Bank & Trust Company of Los Angeles v. Security-First National Bank, 8 Cal.2d 303, 65 P.2d 355 (cited with approval in Louisville Credit Men's Association v. Motors Investment Company, Ky., 394 S.W.2d 760).

Of course, the record in the Motors Investment case is not conclusive in the instant case because the parties are not the same. However, the record in that case is so strongly indicative of the true facts that we think the plaintiff in the instant case, to avoid a summary judgment against him, should have made some suggestion to the court that proof would be available to show that the check was in fact intended to be payable to a real person. Patrick is no longer living, so he is not available to contradict his testimony in the other case. No possible source has been suggested from which evidence could be produced to support the allegations of the complaint.

This court has held that where the defendant, in support of his motion for summary judgment, files an affidavit controverting an allegation of the complaint, the plaintiff is required to make some showing that he will be able to produce proof on the trial in support of the allegation. Tarter v. Arnold, Ky., 343 S.W.2d 377. We think that rule is applicable here, where the allegations of the complaint were controverted by the record in the Motors Investment case, which had at least the same stature as an affidavit.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY and PALMORE, JJ., concur.

OSBORNE and STEINFELD, JJ., not sitting.