RENDERED:  FEBRUARY 16, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1081-MR

AARON HIENEMAN,
INDIVIDUALLY AND AARON
HIENEMAN, AS ADMINISTRATOR
OF THE ESTATE OF DAVID
HIENEMAN                                                          APPELLANTS


APPEAL FROM GREENUP CIRCUIT COURT
v.        HONORABLE BRIAN CHRISTOPHER McCLOUD, JUDGE
ACTION NO. 19-CI-00038


PATRICIA HIENEMAN WOOTEN;
ALYCE WALDO; CARL WOOTEN;
AND KEVIN WALDO                                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND EASTON, JUDGES.

ACREE, JUDGE:  Appellant Aaron Hieneman, individually and in his capacity as

administrator of the Estate of David Hieneman, appeals the Greenup Circuit

Court's order granting summary judgment in favor of Appellees, Patricia and Carl Wooten and Alyce and Kevin Waldo. We affirm.

## BACKGROUND

On February 23, 2003, Robert and Virginia Hieneman (Grantors), conveyed real property to Patricia A. Wooten (Grantors' daughter), Alyce R. Canter (Grantors' granddaughter), and David W. Hieneman (Grantors' son). Each executed the deed that transferred the property "by gift and without consideration."

David W. Hieneman is Appellant's father. The deed shows the three grantees owned the property "for and during their joint lives with remainder in fee simple to the survivor of them." No party disputes that the deed created a joint tenancy with a right of survivorship among the three grantees.

On October 25, 2018, David Hieneman was the first of the owners to die and his remainder interest passed to Wooten and Canter who survived him. Appellant was appointed executor of his father's estate.

On January 29, 2019, Appellant, personally and on behalf of his father's estate, sued Wooten and Canter (now, and hereafter in this Opinion, Waldo).[1] (Record (R.) at 2.) Though not grantees on the deed, Wooten's husband

---

[1] The record reflects that Alyce Canter began using the name Alyce Waldo after she was identified as a grantee on February 23, 2003 but does not readily reflect whether it was a consequence of her marriage or otherwise, or when that change occurred.

and Waldo's husband were also sued, in part, on account of their curtesy interest. *See* KRS[2] 392.020.

Appellant first claimed the deed was a product of undue influence exercised by Alyce Waldo over the Grantors. The second claim is that Alyce and Kevin Waldo engaged in fraud by inducing David W. Hieneman to take no action to pass his interest in the property to Appellant.

On September 4, 2020, Appellees filed a motion for summary judgment on both counts of Appellant's amended complaint. (R. at 78.) On December 17, 2020, Appellees withdrew the motion and told the court at the hearing that they "will re-notice for a later date." (R. 109.) On April 29, 2021, Appellees re-noticed their motion for summary judgment. (R. at 110.) On August 5, 2021, the Greenup Circuit Court granted summary judgment in favor of the Wootens and the Waldos. Appellant timely appealed.

Additional facts are addressed in the analysis below.

### STANDARD OF REVIEW

As our Supreme Court recently reiterated:

The proper standard of review on appeal when a trial judge has granted a motion for summary judgment is whether the record, when examined in its entirety, shows there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The trial judge must view the evidence in a light most favorable to the

---

[2] Kentucky Revised Statutes.

-3-

nonmoving party, resolving all doubts in its favor. Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions.

*Phoenix Am. Adm'rs, LLC v. Lee*, 670 S.W.3d 832, 838 (Ky. 2023) (citations omitted).

## ANALYSIS

Before proceeding to the summary judgment itself, we address Appellant's first argument that the circuit court "erred in denying Appellant the opportunity to conduct additional discovery in order to respond to the Motion for Summary Judgment pursuant to CR[3] 56.06." (Appellant's brief, p. 5.)

### *Appellant had adequate opportunity for discovery*

The rule Appellant cites, CR 56.06, states:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

When our predecessor Court of Appeals, now Supreme Court, cited this rule in *Neal v. Welker*, 426 S.W.2d 476 (Ky. 1968), that case was in the identical posture

---

[3] Kentucky Rules of Civil Procedure.

-4-

as the instant appeal. As here, the appellant in *Neal* presented no proof to the circuit court to counter the summary judgment motion.

Instead, "the appellant filed [an] affidavit asserting 'that the plaintiff herein both can and will if granted opportunity, produce competent medical evidence [to counter defendant's summary judgment motion] . . . .'" *Id.* at 479. Appellant did the same thing. He filed his counsel's affidavit assuring the circuit court that he "intends to take the depositions of each of the defendants . . . [who] he reasonably believes . . . will provide information pertinent to the fraud claims . . . ." (R. at 94.) As in *Neal*, Appellant offered no proof to counter the motion, "nor is there any reason advanced why the alleged evidentiary material had not been presented in some form before submission of the case upon summary judgment." *Neal*, 426 S.W.2d at 479.

The Court in *Neal* concluded the rule was not intended to extend the time a party opposing summary judgment is already given to marshal evidence:

> In this state of the record, we must hold that the summary judgment was properly granted. The curtain must fall at some time upon the right of a litigant to make a showing that a genuine issue as to a material fact does exist. If this were not so, there could never be a summary judgment since 'hope springs eternal in the human breast.' The hope or bare belief, like Mr. Micawber's,[4] that something will

---

[4] Wilkins Micawber is a fictional character in Charles Dickens's 1850 novel *David Copperfield*. He is traditionally identified with the optimistic belief that "something will turn up." His name has become synonymous with someone who lives in hopeful expectation.

> 'turn up,' cannot be made basis for showing that a genuine issue as to a material fact exists.

*Id.* at 479-80.

Appellant had plenty of time to be more than hopeful. From the filing of the complaint until Appellees' re-notice of their summary judgment – a period of two years and three months – Appellant elected not to take the Appellees' depositions he now claims "will elicit testimony . . . that would support a finding of actual (as distinct from presumed) undue influence." (R. 91.) Such testimony would have to contradict Appellees' averments in answer to Appellant's complaint.

The operative language of CR 56.06 is the phrase: "he cannot *for reasons stated* present . . . facts essential to justify his opposition[.]" (Emphasis added.) Appellant stated no reason to justify his failure for more than two years to discover countervailing evidence to oppose Appellees' motion and we see no reason in the record. Appellant squandered the adequate and unimpeded opportunity to discover evidence and create a record supporting his allegations.

Three current Justices of our Supreme Court, when they were members of this Court of Appeal, explained it this way:

> A party "cannot complain of the lack of a complete factual record when it can be shown that the respondent has had an adequate opportunity to undertake discovery." *Cargill v. Greater Salem Baptist Church*, 215 S.W.3d 63, 69 (Ky. App. 2006). "It is not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so." *Hartford Ins.*

-6-

> *Group v. Citizens Fidelity Bank & Trust Co.*, 579 S.W.2d 628, 630 (Ky. App. 1979) (six months between filing of complaint and granting motion for summary judgment was sufficient opportunity to complete discovery).

*Leeds v. City of Muldraugh*, 329 S.W.3d 341, 344 (Ky. App. 2010) (Nickell, Thompson, and VanMeter, JJ.).

We see no abuse of the circuit court's discretion here.

### *The Complaint alleges no wrongdoing against Carl Wooten*

We start with the obvious. The complaint as amended alleges no wrongdoing by Carl Wooten, nor does it even allege his knowledge of any wrongdoing. He is named a defendant simply because Appellant seeks a judicial declaration that the February 23, 2003 deed is invalid and that declaration would deprive him of his curtesy interest in the real property.

It is also obvious that if Appellant prevails on his undue influence claim, and if the remedy is to invalidate the deed, the property will be treated as never having been conveyed. It will become part of the Grantors' estates, passing first through the estate of Virginia who died May 4, 2010 (age 81) and then through the estate of Robert Hieneman who died November 1, 2016 (age 88).

However, as to Appellant's fraud claim, summary judgment for Carl Wooten was proper. A liberal reading of the complaint alleges wrongdoing by the Waldos and Patricia Wooten only. If they are found liable for fraud, the deed will not be invalidated; the remedy will be money damages as Appellant demands.

-7-

Therefore, we affirm the summary judgment in favor of Carl Wooten as to Appellant's fraud claim and address both claims as against the remaining Appellees.

### *Summary judgment as to the undue influence claim was proper*

Appellant's amended complaint alleges Alyce Waldo exerted undue influence upon her grandparents when they executed the deed on February 23, 2003. We conclude the claim of undue influence fails to state a claim upon which relief can be granted. As shown on the face of the complaint alone, the claim of undue influence fails to comply with the applicable statute of repose, KRS 413.130(3). Therefore, as explained below, summary judgment for the Waldos was proper as to this claim.

As stated in *Skaggs v. Vaughn*, "an action to set aside a deed on the ground of undue influence is . . . governed by the five[-]year statute of limitations set forth in KRS 413.120(12) as may be extended by KRS 413.130(3)." 550 S.W.2d 574, 579 (Ky. App. 1977). The latter statute, KRS 413.130(3), codifies the "discovery rule." Technically, the statute does not "extend" the limitations period, but rather delays its start – "the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake" and, as the *Skaggs* opinion indicates, this applies to undue influence claims. KRS 413.130(3). Appellees failed to assert the affirmative defense of the statute of limitations and thus waived

-8-

it. *Bowling v. Kentucky Dep't of Corrections*, 301 S.W.3d 478, 485 (Ky. 2009), *as corrected* (Jan. 4, 2010) ("Certainly, as a general rule, failure to assert timely an affirmative defense waives that defense and precludes its consideration by the trial court and this Court.").

But KRS 413.130(3) also includes, independently of the statute of limitations, a statute of repose, stating: "the action shall be commenced within ten (10) years after the time of making the contract or the perpetration of the fraud." KRS 413.130(3).[5] This statute applies to undue influence claims and, therefore, Appellant's claim had to be commenced within ten years of the making of the deed he wants set aside because "[a] deed is a contract executed. Even if not recorded, it passes the title, as against the grantor, his heirs and devisees." *E.C. Artman Lumber Co. v. Bogard*, 230 S.W. 953, 956 (Ky. 1921).

Compliance with the statute of repose is not a procedural hurdle but a substantive element of a cause of action for undue influence. *See* Philip Shuchman, *It Isn't That the Tort Lawyers Are So Right, It's Just That the Tort Reformers Are So Wrong*, 49 RUTGERS L. REV. 485, 526 (1997) (footnotes omitted)

---

[5] No party questions the constitutionality of the statute of repose and its constitutionality is presumed. *Cornelison v. Commonwealth*, 52 S.W.3d 570, 572 (Ky. 2001) (quoting *Lakes v. Goodloe*, 195 Ky. 240, 242 S.W. 632, 635 (1922), *abrogated on other grounds by Calloway Cnty. Sheriff's Department v. Woodall*, 607 S.W.3d 557 (Ky. 2020)) ("It is a settled principle that when the legislature 'has enacted a statute, [it] is presumed to have done so in accordance with the constitutional requirements, and that its provisions are not contrary to any constitutional right . . . .'").

("statutes of repose make the filing of a suit within the specified period of time a substantive part of the cause of action. Unlike statutes of limitations, statutes of repose are not affirmative defenses which can be waived . . . .").[6] Appellant failed to satisfy this substantive element because he did not allege or file his undue influence claim prior to its legal repose as KRS 413.130(3) requires. By legislative mandate, on February 23, 2013, ten years from the making of the deed, claims of undue influence were extinguished whether they had accrued or not.[7] Thus, the complaint fails to state an undue influence claim for which relief can be granted. *See Tarter v. Arnold*, 343 S.W.2d 377, 379 (Ky. 1960) ("the action was barred under all circumstances after the lapse of 10 years. KRS 413.120(12); 413.130(3)").

---

[6] Federal courts and courts in other jurisdictions have explicitly found statutes of repose are not affirmative defenses and, therefore, need not be pleaded in a defendant's answer. *See Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 902-04 (6th Cir. 2002); *American Federation of Teachers, AFL-CIO v. Bullock*, 605 F. Supp. 2d 251, 260-61 (D.D.C. 2009); *Cheswold Volunteer Fire Co. v. Lamberston Constr. Co.*, 489 A.2d 413, 421 (Del. 1985). Because a statute of repose extinguishes a claim before it accrues, it is not a statute of limitations or other affirmative defense or avoidance, and cannot be waived. *Lewis v. Russell*, 838 F. Supp. 2d 1063, 1069 (E.D. Cal 2012) (Minnesota law addressing capacity of a defunct corporation to sue or be sued is a substantive statute of repose and not a waivable affirmative defense); *see also Donell v. Keppers*, 835 F. Supp 2d 871, 877 (S.D. Cal. 2011) (unlike a traditional statute of limitations, a statute of repose cannot be waived); *accord Warfield v. Alaniz*, 453 F. Supp. 2d 1118, 1130 (D. Ariz. 2006); *Klein v. Capital One Fin. Corp.*, No. 4:10-CV-00629-EJL, 2011 WL 3270438, at *7-8 (D. Idaho Jul. 29, 2011).

[7] Appellant does not indicate when he believes the claim accrued and the record gives no indication whether the claim ever accrued before it was extinguished by operation of KRS 413.130(3).

This juncture is an appropriate one to address Appellant's argument that the judgment should be reversed because the circuit court's reasoning was never raised by the Wootens and the Waldos. He, no doubt, would raise the same objection to this Court's application of KRS 413.130(3) to conclude summary judgment was proper as to this claim. We address both objections by reference to *Community Financial Services Bank v. Stamper*, 586 S.W.3d 737 (Ky. 2019).

When this Court reviewed *Stamper v. Community Financial Services Bank*, we applied the correct statute of limitations, despite no prior reference to it by the circuit court or the parties. No. 2016-CA-001533-MR, 2018 WL 2449124 at *3 (Ky. App. Jun. 1, 2018). Affirming our decision, the Supreme Court said:

> As a threshold matter, we first consider whether the Court of Appeals properly considered the applicability of KRS 355.3-118 when that issue was not raised or argued by the parties. We have previously held that a party's failure to provide the correct legal citation did not bar consideration of that legal authority, as "judges and justices are presumed to know the law and are charged with its proper application." *Burton v. Foster Wheeler Corp.*, 72 S.W.3d 925, 930 (Ky. 2002). We explained that "applicable legal authority is not evidence and can be resorted to at any stage of the proceedings whether cited by the litigants or simply applied, *sua sponte*, by the adjudicator(s). Nor is legal research a matter of judicial notice, for the issue is one of law, not evidence." *Id.* (citation omitted); *see also Mitchell v. Hadl*, 816 S.W.2d 183, 185 (Ky. 1991) ("When the facts reveal a fundamental basis for decision not presented by the parties, it is our duty to address the issue to avoid a misleading application of the law.").

*Stamper*, 586 S.W.3d at 740-41.

-11-

Just as importantly, the circuit court's reasoning is irrelevant on appeal when the standard of review is *de novo*. The summary judgment rule does not even require the circuit court to offer any reason whatsoever. *Wilson v. Southward Inv. Co. No. 1*, 675 S.W.2d 10, 13 (Ky. App. 1984) ("[T]here is no procedural requirement for the court, in rendering a summary judgment, to attach findings of fact or conclusions. CR 52.01; CR 56.01."). And a reviewing court can affirm a summary judgment for any reason supported by the record. *Phelps v. Bluegrass Hosp. Management, LLC*, 630 S.W.3d 623, 630 (Ky. 2021).

Furthermore, the Wootens and Waldos asserted the affirmative defense that the complaint failed to state a claim upon which relief can be granted. That defense was well taken as we just discussed KRS 413.130(3), and that defense can be the basis for affirming a summary judgment when a party's entitlement to it as a matter of law is determinable from the face of the complaint alone. *See La Vielle v. Seay*, 412 S.W.2d 587, 590 (Ky. 1966) (ruling on summary judgment motion that does not rely on matters other than the pleadings is functional equivalent of judgment on the pleadings under CR 12.03).

Because Appellant did not commence the claim until January 29, 2019, in violation of KRS 413.130(3), summary judgment of his undue influence claim was proper. But even if his claim had satisfied KRS 413.130(3), summary judgment still would have been appropriate, as we now explain.

-12-

Appellant alleged Alyce Waldo was Kevin Waldo's paralegal on February 23, 2003, and was involved in the preparation of the subject deed. Although Appellees denied both allegations, that was not their focus when seeking summary judgment. A defendant pursuing summary judgment does not need to disprove every element of a claim to succeed. If even one material fact necessary to prove the claim can be shown to lack all evidentiary support, summary judgment is appropriate because it makes success at trial realistically impossible.

Citing *Sword v. Fields*, 234 S.W. 202 (Ky. 1921), Appellant also alleged that because Alyce Waldo was Grantors' granddaughter, she is presumed to have enjoyed a confidential relationship with the Grantors as a matter of law and, from that presumption, the courts should further recognize a presumption of undue influence. Appellees disputed that interpretation. So does this Court.

The fact is Appellant's undue influence claim relies on the unrefuted biological relationship between Alyce Waldo and the Grantors and Appellant's erroneous reading of *Sword v. Fields*. Appellant says *Sword* means "the relationship between [Alyce Waldo] and those involved in the transfer of the Property gives rise to a presumption of undue influence . . . [and] Appellees failed to put forth any evidence to rebut this presumption . . . ." (Appellant's brief, p. 15.) Appellant misunderstands the rule in *Sword*.

-13-

Discussing *Sword*, our highest court said: "The true rule is that where a parent enfeebled by age resides with a child who has his confidence [and to whom he has deeded his property], only slight evidence of undue influence is necessary to authorize the setting aside of a deed on that ground." *Woods v. Madden's Adm'x*, 170 S.W.2d 877, 879 (Ky. 1943) ("[I]t has never been held that the mere fact that a parent resided with a child to whom a deed was made was in itself sufficient to justify a finding that the deed was invalid."). *See Coleman v. Greer*, 343 S.W.2d 584, 585 (Ky. 1961) (Grantor "was old, feeble and subject to some mental infirmities, and it had never been held that this circumstance alone is enough to raise a presumption of undue influence."). But rather than offering even that "slight evidence," Appellant seeks only to expand the presumption.

Appellant asks this Court to infer from the fact that Alyce Waldo is the Grantors' grandchild that she had a confidential relationship with them, and then to infer or presume from that inference that she took advantage of that presumed confidential relationship and exercised undue influence to have them deed property not only to her but to two of the Grantors' children, including Appellant's father. No such combination of presumptions could exist in the law.

A plaintiff cannot sustain his burden "by the compounding of inferences upon inferences" and the attempt "does not rise above the level of mere speculation." *K.H. v. Cabinet for Health and Family Services*, 358 S.W.3d 29, 32

-14-

(Ky. App. 2011) (citing *American Ins. Co. v. Horton*, 401 S.W.2d 758, 760 (Ky. 1966) and *Rollins v. Avey*, 296 S.W.2d 214, 216 (Ky. 1956)). Even if the law allowed the drawing of inference upon inference as Appellant suggests, there is no evidentiary support for it here.

Appellant never alleged, nor is there any proof that the Grantors' granddaughter resided with them as the *Woods* "true rule" requires. Nor is there any proof, as *Woods* also requires, that "[t]he Grantors were physically weak and mentally impaired" when they executed the subject deed. That fact must be proved to sustain a claim of undue influence and its absence is the point of attack in Appellees' summary judgment motion. As discussed below, we conclude there is no evidence in the record to create a genuine issue regarding that material fact and summary judgment was, therefore, appropriate.

Whether a grantor (or in the case of a will, a testator) was "physically weak and mentally impaired" is the first "badge" needed to prove an undue influence claim. *Wallace v. Scott*, 844 S.W.2d 439, 441 (Ky. App. 1992). Faced with the daunting task of establishing the negative of this first badge in a lingering case, Appellees here established by Appellant's discovery responses that the best evidence of the Grantors' weakened mental state – medical records – does not exist. There is simply no indicia in the record that either of the Grantors was mentally feeble. Appellant did not contradict that fact in his response to the

-15-

summary judgment motion, but instead acknowledged, twenty-one months after he filed the complaint, that he "ha[d] not yet obtained copies of potentially pertinent medical records." (R. 88.) He said this while also acknowledging that medical documentation to create a genuine issue of material fact "would be in the possession of their medical providers and not" in Appellant's possession. (Appellant's brief, p. 13.) And still, he never sought or produced any such proof.

To counter the absence of medical proof, Appellant responded that Kentucky jurisprudence does not require it. With this, we qualifiedly agree. In some cases, it does not. But even if this were such a case, summary judgment would still be proper.

When a defendant comes forth with proof of the non-existence of an essential fact needed to prove a claim, survival of summary judgment requires production of some sort of countervailing proof. Appellant presented no lay evidence, not even his own affidavit, to support the allegation that Grantors were feeble-minded on February 23, 2003, or for that matter at any point from that date until the Grantors' respective deaths years later. That left the circuit court to consider "the pleadings . . . [and] answers to interrogatories . . . on file[.]" CR 56.03.

The pleadings and their exhibits show two of the Appellees, Patricia Wooten and Alyce Waldo, signed the deed contemporaneously with the Grantors

and both Wooten and Waldo denied the Grantors were physically weak and mentally impaired.

Appellant's father also signed the deed on that same date and for the next fifteen years, until he died, he never brought a legal action to set aside the deed as a product of undue influence inflicted upon his parents by his niece. Nor is there anything in the record to suggest David Hieneman believed his parents were feeble-minded when they deeded him and the other grantees the property.

Although Wooten's and Waldo's allegations denying the Grantors' mental weakness "alone may not determine the right to a summary judgment, . . . where the allegation is supported" by evidence like the non-movant party's discovery response which is "legally sufficient to defeat a cause of action, it may be properly regarded the same as would be an uncontradicted supporting affidavit (CR 43.12) and authorize a summary judgment." *Daniel v. Turner*, 320 S.W.2d 135, 137 (Ky. 1959).

In Kentucky courts, the summary judgment movant must present at least some evidence showing the absence of proof supporting the plaintiff's claim. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991) (distinguishing Kentucky summary judgment practice from federal practice that "does not necessarily require the movant to produce evidence showing the absence of a genuine issue of material fact, but only that he show that there is an absence of

evidence possessed by the respondent to support an essential element of his case"). "The burden resting on movant . . . [is] to place before the court sufficient facts to enable [the court] to apply appropriate principles of law." *Fergerson v. Utilities Elkhorn Coal Co.*, 313 S.W.2d 395, 399 (Ky. 1958). What constitutes "sufficient facts" will necessarily vary from case to case and is just as necessarily subjective with the court reviewing the motion. Simply put, "the movant must *convince the court*, *by the evidence* of record, of the nonexistence of an issue of material fact." *Steelvest*, 807 S.W.2d at 482 (emphasis added).

Appellees' motion for summary judgment convinced the circuit court and it convinces this Court that they satisfied their burden to "br[ing] out the issues between each of the parties" and, specifically, whether there was a *genuine* issue regarding the material fact of the Grantors' mental states sixteen years before Appellant brought the action. *Columbia Amusement Co. v. Hughes*, 375 S.W.2d 813, 814 (Ky. 1964). Appellees thus shifted the burden to Appellant.

"[O]nce the non-movant has the burden, the non-movant must 'show in some way that there would be evidence upon the trial to create a genuine issue on the fact.'" *Tarter*, 343 S.W.2d at 379. *Goff v. Justice*, 120 S.W.3d 716, 725 (Ky. App. 2002) (quoting *Tarter*, 343 S.W.2d at 379). Appellant failed to meet this burden.

-18-

Appellant chose not to challenge Wooten's and Waldo's denials that the Grantors were mentally feeble by taking their depositions or to refute their sworn testimony in any other way such as by filing a countervailing affidavit or taking the deposition of a third party or securing and producing medical records. Even now, he simply expresses his aspiration that he could find the evidence he needs, despite failing to do so for two years. This aspiration is the extent of Appellant's countervailing proof, and it is insufficient to withstand Appellees' motion for summary judgment.

For the foregoing reasons we affirm the summary judgment in favor of Appellees on the Appellant's claim of undue influence.

This leaves Appellant's claim of fraud.

### *Summary judgment as to the fraud claim was proper*

Appellant argues Appellees failed to establish the nonexistence of a genuine dispute regarding a material fact that would compel summary judgment in their favor on Appellant's claim of fraud. We disagree.

Before turning to the proof needed to establish fraud, we consider the pleading requirements. "In all averments of fraud . . . , the circumstances . . . shall be stated with particularity." CR 9.02. Particularity is necessary "to apprise the defendant fairly of the charges against him or her." *Denzik v. Denzik*, 197 S.W.3d 108, 110 (Ky. 2006). "It is not necessary that the 'particularity' commanded by

-19-

CR 9.02 attain such detail as to recite each minute detail; it is enough to plead the time, the place, the substance of the false representations, the facts misrepresented, and the identification of what was obtained by the fraud." *Scott v. Farmers State Bank*, 410 S.W.2d 717, 722 (Ky. 1966). Here are all of Appellant's substantive averments supporting his fraud claim:

1. "Patricia and Alyce made certain promises to David."

2. Patricia and Alyce "told David that David would be able to pass this property on to [Appellant] upon David's death."

3. "Alyce and her husband, Kevin Waldo, advised David not to do anything, or try and have another deed drafted."

4. "Alyce Waldo and Kevin Waldo made statements to David Hieneman which were not based in fact."

5. "Alyce Waldo and Kevin Waldo misled David Hieneman about the status of his property."

6. "They also told him not to take any action to confirm that his portion would be administered in accordance with his wishes."

7. "David . . . relied upon these statements in making the decision not to have the deed changed in such a way as to allow him to transfer his interest in the property upon his death."

8. "[T]hese actions constitute fraud in the inducement . . . ."

(Complaint, R. 32-33.[8])

---

[8] The first three averments appear in the complaint before the allegations of the fraud claim but were incorporated by reference.

We conclude Appellant's fraud claim fails to satisfy CR 9.02. "Under our law, an allegation of fraud in a pleading must set forth the time, place, and substance of the allegedly fraudulent statements." *Keeton v. Lexington Truck Sales, Inc.*, 275 S.W.3d 723, 726 (Ky. App. 2008).

Clearly, Appellant never alleged a time or date when Appellees made the alleged representations. Without more particularity, Appellees had to answer for their conduct from February 2003 when the deed was created until David Hieneman died in October 2018 – a span of more than fifteen (15) years. This deprived them of the ability to respond in a meaningful way.

Appellant does not allege where the alleged fraud occurred, which might also include some relevant circumstances. Did Kevin Waldo advise David in his office in an attorney-client relationship? Was the alleged fraud expressed at a family gathering? In the hospital? On David's deathbed? The purpose of CR 9.02's contextual requirement for claims of fraud is to give some modicum of credibility to serious charges of moral wrongdoing that, otherwise, the courts would justifiably decline to entertain.

Finally, when we cleave away the averments that lack all particularity (Nos. 1 and 4, above), and taking the remaining allegations as true, Appellant alleges Patricia and the Waldos said things to David that were not true. But there is no allegation that these alleged false statements were made knowingly; that is,

-21-

there is no allegation of scienter, an element of a cause of action for fraud that must be pleaded. *Scott*, 410 S.W.2d at 720.

All we are left with is the conclusory allegation that "these actions constitute fraud in the inducement . . . ." (R. 33.) Rule 9.02 has long been interpreted such that "the mere averment of fraud without a statement of the facts" sufficient to satisfy the rule "is not good on demurrer." *Brown v. Brown*, 265 S.W.2d 484, 485 (Ky. 1954) (applying CR 9.02).

But, even if we ignore Appellant's failure to state a claim, there is no evidence in the record to support any of the elements of a cause of action for fraud: (1) no evidence Appellants made any material representation to David; (2) consequently, there can be no evidence any representation Appellants ever made to David was false; (3) there is no evidence Appellants *knew* any representation they made to David was false or that any representation they may have made to David was made recklessly; (4) there is no evidence Appellants induced David to refrain from dealing with his property as he saw fit, or even that David dealt with his property differently than he wanted to; and (5) there is not even any proof David relied upon anything any of the Appellees ever said. Unless these elements of liability can be proved, we never reach the final element of damages. *See Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009).

-22-

We recognize that the General Assembly's amendment of KRS 381.130 five years before Grantors deeded the property made it possible for David to partition by deeding his interest to Appellant (or anyone). But there is nothing in the record indicating David was unaware he could convey his property *inter vivos* but simply chose not to do so. Such speculation is no less provable by this record than Appellant's allegations that Appellees hid the fact from David for fifteen (15) years.

## CONCLUSION

For the foregoing reasons, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Jeffrey Landen
Nicholas R. Gregg
Fort Mitchell, Kentucky

BRIEF FOR APPELLEE:

Matthew J. Warnock
Greenup, Kentucky